Argued and submitted September 5, 1995, decision of the Court of Appeals and judgment of the circuit court are reversed and case remanded to the circuit court for further proceedings July 11, 1996

Helen Jean KRUSHWITZ,
Personal Representative of the Estate
of Matthew Allen Theurer,
*Petitioner on Review,*

*v.*

McDONALD'S RESTAURANTS OF OREGON, INC.,
an Oregon corporation,
*Respondent on Review,*

*and*

McDONALD'S CORPORATION,
a Delaware corporation,
*Defendant.*

(CC 9104-02047; CA A73926; SC S41757)

919 P2d 465

Kathryn H. Clarke, Portland, argued the cause and filed the petition for petitioner on review. With her on the briefs were Maureen Leonard and Lawrence Wobbrock, Portland.

I. Franklin Hunsaker, III, of Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, argued the cause for respondent on review. With him on the brief were Douglas G. Houser, Ronald G. Stephenson, and Ronald J. Clark.

David F. Sugerman, of Paul & Sugerman, PC; John Paul Graff, of Graff & O'Neil; and Kevin N. Keaney, Portland, filed briefs on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Chess Trethewy, of Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem, and Jerald P. Keene, of Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland, filed a brief on behalf of *amicus curiae* Associated Oregon Industries.

Jonathan M. Hoffman and Julie K. Bolt, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis,** Graber, and Durham, Justices.

CARSON, C. J.

---

** Unis, J., retired on June 30, 1996, and did not participate in this decision.

## CARSON, C. J.

In this action for wrongful death, we decide two issues: (1) whether an employee who was killed in an automobile accident while driving home from work suffered a "compensable injury" as that term is defined by the Workers' Compensation Law; and (2) whether the exclusivity provisions contained in the Workers' Compensation Law preclude plaintiff's wrongful death action. We answer both questions in the negative.

■　Because the circuit court dismissed this action pursuant to ORCP 21, for the purposes of appellate review, we accept all well-pleaded allegations contained in plaintiff's complaint and give plaintiff the benefit of all favorable inferences that may be drawn therefrom. *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992).

Matthew Theurer, an 18-year-old high school student, worked part time at a restaurant owned by McDonald's Restaurants of Oregon, Inc. (defendant). On April 4, 1988, Theurer worked from 3:30 p.m. to 8:00 p.m., which was his normal after-school shift. In order to make some extra money, Theurer volunteered to work an additional shift later that night. He returned to McDonald's at midnight and worked from midnight until 8:21 a.m. on April 5, 1988. Upon completing that shift, Theurer told his supervisor that he was too tired to work his upcoming afternoon shift and asked that another employee replace him. Theurer then left the restaurant to drive home. His automobile crossed the center line on the highway, after he fell asleep at the wheel, and struck another automobile head-on. Theurer was killed in that collision.

Plaintiff, who is Theurer's mother and the personal representative of his estate, filed this wrongful death action against defendant and McDonald's Corporation, defendant's parent company.[1] Plaintiff alleged that defendant negligently caused Theurer's death, in that defendant: (1) knew or should have known that Theurer had worked too many hours without adequate sleep to drive home safely; (2) should have

---

[1] McDonald's Corporation is not a party to this action on review.

foreseen that driving with inadequate sleep posed a risk of harm to Theurer and to others; and (3) was negligent in scheduling Theurer to work more hours than was reasonable in the circumstances. Plaintiff also alleged that, because defendant required Theurer to work more than 10 hours in one day, defendant was negligent *per se* and also was subject to statutory liability. Plaintiff sought compensation for economic damages suffered by Theurer's estate, noneconomic damages for pain and suffering suffered by both Theurer and plaintiff, and punitive damages.

Defendant filed several motions under ORCP 21 to dismiss plaintiff's complaint. The trial court dismissed plaintiff's claims for negligence and statutory liability, both for failure to state a claim. Plaintiff then filed an amended complaint, that essentially restated the allegations contained in the original complaint and further alleged that defendant was negligent in failing to arrange alternative transportation for Theurer's commute home. Defendant again moved to dismiss, arguing that, because defendant's potential liability was solely based upon the employer-employee relationship between defendant and Theurer, the exclusivity provisions of the Workers' Compensation Law barred plaintiff's wrongful death action. Defendant further argued that Theurer's death was a "compensable injury" under the Workers' Compensation Law, because the "special errand" exception to the "going and coming" rule applied to Theurer's accident. The trial court agreed with defendant that the Workers' Compensation Law provided an exclusive remedy and, consequently, granted defendant's motion to dismiss and entered judgment against plaintiff.

Plaintiff appealed to the Court of Appeals, arguing that Theurer's death was not a compensable injury and, therefore, that the exclusivity provisions contained in the Workers' Compensation Law did not bar her wrongful death action. Plaintiff also argued that the trial court's ruling deprived her of a remedy and conferred an unequal privilege upon defendant, in violation of Article I, sections 10 and 20, of the Oregon Constitution.[2] The Court of Appeals determined

---

[2] Article I, section 10, provides, in part, that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Article

that Theurer had suffered a "compensable injury" under the "general hazard" exception to the "going and coming" rule and, consequently, that the exclusivity provision of the Workers' Compensation Law barred plaintiff's wrongful death action. *Krushwitz v. McDonald's Restaurants*, 129 Or App 621, 627, 880 P2d 483 (1994). That court further held that, because Theurer's death was compensable under the Workers' Compensation Law, plaintiff had a remedy and, therefore, dismissal of the complaint violated no constitutional provisions. *Ibid.*

Plaintiff petitioned this court for review. We allowed review and now reverse the decision of the Court of Appeals.

The first issue, which relates to the scope of the workers' compensation statutes, is whether Theurer's accident resulted in a "compensable injury" under the Workers' Compensation Law. If Theurer's death were a compensable injury, then plaintiff's wrongful death action would be barred by the exclusivity provision contained in ORS 656.018(1)(a), which provides, with exceptions not alleged to apply here, that the Workers' Compensation Law is an exclusive remedy and replaces any other liability on the employer's part. If Theurer's death were not a compensable injury, however, then plaintiff may be able to pursue her wrongful death action against defendant, as discussed below.[3]

ORS 656.005(7)(a) provides, in part:

> "A 'compensable injury' is an accidental injury * * * *arising out of and in the course of employment* requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means * * *[.]" (Emphasis added.)

The "arising out of" prong of the compensability test requires that some causal link exist between the employee's injury

---

I, section 20, provides that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[3] We note that, in the course of deciding this case, we have considered whether this court should dismiss or abate this proceeding and allow the parties to resort to the workers' compensation system. However, we have concluded that such a result would serve no constructive purpose and, accordingly, proceed to determine the issues presented by the parties.

and his or her employment. *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). The "in the course of" prong requires that the time, place, and circumstances of the employee's injury justify connecting that injury to the employment. *Ibid.* This court views the two prongs as two parts of a single "work-connection" analysis, in order to determine whether an employee suffered a compensable injury. *Rogers v. SAIF*, 289 Or 633, 643, 616 P2d 485 (1980).

In this case, the first prong of the compensability test, "arising out of," is met, because plaintiff alleges that, by permitting Theurer to work long hours on a school day, defendant effectively caused Theurer's death. The main disagreement between the parties is whether plaintiff has satisfied the second prong, "in the course of."

Plaintiff contends that, because the accident occurred after Theurer had finished working and had left defendant's premises, his death did not occur in the course of his employment. Defendant, on the other hand, contends that the "special errand" exception to the "going and coming" rule applies to the facts of this case, bringing Theurer's death within the course of his employment and, consequently, resulting in a compensable injury. Defendant also contends that, under Oregon's work-connection test for determining compensability, a sufficient nexus existed between Theurer's death and his employment to result in a compensable injury. For the following reasons, we agree with plaintiff that Theurer's death did not occur in the course of his employment and, therefore, that Theurer did not suffer a compensable injury under ORS 656.005(7)(a).

We first address the issue of whether Theurer's death falls within an exception to the "going and coming" rule. The general rule in Oregon—the "going and coming" rule—is that injuries sustained while an employee is traveling to or from work do not occur in the course of employment and, consequently, are not compensable. *Cope v. West American Ins. Co.*, 309 Or 232, 237, 785 P2d 1050 (1990). The reason for the going and coming rule is that "[t]he relationship of employer and employee is ordinarily suspended from the time the employee leaves his work to go home until he resumes his work, since the employee, during the time that

he is going to or coming from work, is rendering no service for the employer." *Heide / Parker v. T.C.I. Incorporated*, 264 Or 535, 540, 506 P2d 486 (1973) (internal quotation marks omitted). This court has recognized a number of exceptions to the general rule, however, that justify treating the employee as if he or she continued in the course of employment at the time of an injury that occurred while the employee was going to or coming from work.

Defendant argues that the "special errand" exception to the going and coming rule applies in this case. The Court of Appeals disagreed, but concluded that the "greater hazard" exception applies. As we shall explain, we conclude that neither the special errand nor the greater hazard exception applies in this case and, consequently, that Theurer's death falls within the going and coming rule.

The "special errand" exception to the going and coming rule applies when an employee sustains an injury while off the employer's premises, "but while [the employee was] proceeding to perform, or while proceeding from the performance of, a special task or mission." *Philpott v. State Ind. Acc. Com.*, 234 Or 37, 41, 379 P2d 1010 (1963). In *Heide / Parker*, this court considered whether the special errand exception applied when an employee was killed in an automobile accident while traveling home to Salem from her place of employment in Portland. In that case, the employee had stopped at a bar with a customer before leaving for home. The employee had been performing some public relations work for the opening of that customer's new facility, which had occurred a few days before, and still was tired from the time spent on that event. She also was carrying some work-related items in her vehicle at the time of the accident. 264 Or at 538. This court declined to apply the special errand exception, stating:

> "In the instant case we cannot see how it can be said that [the employee] was *in the furtherance of her employer's business* after she left the bar and started for her home in Salem. Neither can we see that *her employer had any right to control [the employee]* in traveling from Portland to Salem. Her employer had no right to dictate the manner of travel, the route to be taken, her speed, or that she use her car to drive home as compared to other modes of travel." *Id.* at 545-46. (Emphasis added.)

■■ In view of this court's decision in *Heide/Parker*, it is clear that Oregon's special errand exception applies only when *either* the employee was acting in the furtherance of the employer's business at the time of the injury *or* the employer had a right to control the employee's travel in some respect. Under that definition, Theurer's death does not fall within the special errand exception to the going and coming rule. Theurer was not acting in behalf of defendant at the time of his death. Neither was Theurer under defendant's control when the accident occurred.[4] Instead, at the time of his death, Theurer had completed his shift and left his place of employment, and merely was coming home from work. That is precisely the type of situation to which the going and coming rule was intended to apply.

Defendant contends that the special errand exception should be expanded and applied here, because plaintiff alleged that defendant contributed to Theurer's fatigue, thereby causing his death. Defendant reasons that the danger presented by Theurer's driving home in that condition was sufficiently substantial to justify considering Theurer's commute home as part of his employment. We acknowledge that defendant is not alone in asserting that view of the special errand exception. *See, e.g.,* Arthur Larson and Lex K. Larson, I *The Law of Workmen's Compensation* § 16.14, 4-208.35 (1995) ("When the amount of overtime work becomes so great as to increase markedly the factor of fatigue, and when this factor contributes to the accident, there is an even more cogent case for finding that the longer hours of work made the homeward trip more hazardous," thereby bringing the accident within the special errand exception.). However, in this case, we decline to expand this court's definition of the special errand exception as defendant urges. The facts alleged here do not rise to the level of *excessive* work-related fatigue, referred to in the Larson treatise. Rather, this case concerns work-related fatigue *coupled with*

---

[4] We note that the issue of whether Theurer was under defendant's control at the time of the accident, for the purpose of determining the applicability of the special errand exception, is a different question from the issue of whether defendant was *negligent* in failing to provide Theurer with alternative transportation for his commute home, as plaintiff alleged in her amended complaint. We do not address any negligence issues in this opinion.

the fact that Theurer already had attended school all day. In the light of those allegations, and in view of this court's traditionally narrow approach to applying the exceptions to the going and coming rule, we conclude that the special errand exception does not apply in this case.[5]

■ Turning to the "greater hazard" exception, we note that, according to prior decisions of this court, that exception to the going and coming rule applies "[i]f the employee's employment requires [the employee] to use an entrance or exit to or from * * * work which exposes [the employee] to hazards in a greater degree than the common public." *Nelson v. Douglas Fir Plywood Co.*, 260 Or 53, 57, 488 P2d 795 (1971). This court has applied that exception only in certain limited circumstances, in which an employee is injured while traveling upon the only means of ingress to or egress from the employer's premises *and* some "greater hazard" existed upon that route. *See id.* at 57-58 (greater hazard exception applied when employee was injured while traveling upon the only road that led to employer's plant and dangerous, heavy traffic subjected employee to hazards "peculiar and directly attributable to her employment"); *Montgomery v. State Ind. Acc. Com.*, 224 Or 380, 387-89, 393-94, 356 P2d 524 (1960) (greater hazard exception applied when employee was injured while traveling upon a public road with heavy traffic that was the only means of entering employer's plant and employer had had traffic light installed and had gained right to operate light, because of the heavy traffic).

■ Based upon the definition of the greater hazard exception described above, we conclude that that exception does not apply in this case. Theurer's accident did not occur upon a route that was the sole means of ingress to or egress from defendant's restaurant. Moreover, no specific hazard existed at a particular off-premises point, such as heavy, dangerous traffic or a railroad crossing. The "hazard" alleged in this case was that Theurer was tired after working two shifts and attending school within the same 24-hour period. That is

---

[5] We leave for another day the issue of whether *excessive* work-related fatigue may qualify under some exception to the going and coming rule, as the Larson treatise suggests.

not the type of situation to which the greater hazard exception to the going and coming rule was meant to apply. Consequently, the Court of Appeals erred when it held that "Theurer was subjected by his employment to a greater hazard than the traveling public generally confronts, and the hazard persisted throughout and excepted the entire trip from the going and coming rule." 129 Or App at 627.

■ Because Theurer's death occurred while he was coming home from work, and because neither the special errand nor the greater hazard exception applies in this case,[6] we conclude that Theurer's death did not occur in the course of his employment. Consequently, under the definition set forth in ORS 656.005(7)(a), Theurer did not suffer a compensable injury.

We next address defendant's contention that a sufficient nexus existed between Theurer's death and his employment such that, nevertheless, a compensable injury resulted from his accident. Defendant is correct that, in *Rogers*, this court adopted a work-connection approach to determining whether an employee suffered a compensable injury. That is, instead of applying the "arising out of" and "in the course of" prongs of ORS 656.005(7)(a) rigidly, this court focuses upon whether the relationship between the injury and the employment is sufficient for the injury to be compensable. 289 Or at 642. According to the *Rogers* court:

> "The statutory phrase 'arising out of and in the course of employment' must be applied in each case so as to best effectuate the socio-economic purpose of the Worker's Compensation Act: the financial protection of the worker and his/her family from poverty due to injury incurred in production, regardless of fault, as an inherent cost of the product to the consumer * * *. [T]here is no formula for decision. Rather, in each case, every pertinent factor must be considered as a part of the whole. It is the basic purpose of the Act which gives weight to particular facts and direction to the analysis of whether an injury arises out of and in the course of employment." *Id.* at 643 (internal case citations and quotation marks omitted).

---

[6] Neither party has argued that any other exception to the going and coming rule applies to Theurer's death.

This court concluded that, "[i]f the injury has sufficient work relationship, then it arises out of and in the course of employment and the statute is satisfied." *Ibid.*

Defendant contends that, under the work-connection test, an injury does not have to satisfy both traditional requirements of "arising out of" and "in the course of" in order to be compensable. Instead, the two requirements are merged into a single concept of "work-connection"; that is, if a sufficient nexus exists between the accident and the employment, any resulting injury is "work-connected" and, therefore, compensable. Defendant's argument is not well taken.

■ Despite this court's adoption of the work-connection test, prior case law makes it clear that *both* elements of the compensability test, "arising out of" and "in the course of," still must be satisfied to some degree. That principle is illustrated by this court's decision in *Phil A. Livesley Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983). In that case, which was decided after *Rogers*, an employee applied for workers' compensation benefits after sustaining injuries from an unexplained fall that occurred at work. The "in the course of" prong easily was satisfied, because the injury occurred while the employee was engaged in work-related activity on his employer's premises. However, because the cause of the injury was unknown, the factors supporting the "arising out of" prong were weak. 296 Or at 27-29. This court first noted that the work-connection test may be satisfied if the factors supporting one prong are minimal while the factors supporting the other prong are many. *Id.* at 28. The court also emphasized, however, that adoption of the work-connection test "was not intended to substantially change existing law" governing compensable injuries. *Ibid.* (internal quotation marks omitted). In that employee's case, the court determined that, because the employee had *eliminated* any idiopathic causes of his injury, that is, causes unrelated to his employment, the work-connection test was satisfied. The court concluded: "Because the 'course of employment' elements are strong * * *, *and because the 'arising' elements are incapable of direct determination*, we hold that the administrative agency and the Court of Appeals could find that * * * the unitary work-connection test is sufficiently satisfied to allow compensation for this unexplained fall." *Id.* at 32.

(Emphasis added.) *See also Norpac Foods*, 318 Or at 366 ("In assessing the compensability of an injury, we must evaluate the work-connection of *both elements*; neither is dispositive." (Emphasis added.)).

■ The situation in *Livesley* is different from the situation before us now. In the present case, the factors supporting the "arising out of" requirement are strong, because plaintiff alleged that defendant's negligence caused Theurer's death. Under this court's traditional definition of "course of employment," however, *that requirement is not satisfied at all*, because Theurer had completed his work and was returning home at the time of his death, bringing his commute squarely within the going and coming rule. Consequently, the work-connection test is not satisfied in this case.

Having determined that Theurer did not suffer a compensable injury under ORS 656.005(7)(a), we now turn to the issue of whether the exclusivity provisions contained in the Workers' Compensation Law nonetheless preclude plaintiff's wrongful death action. Defendant contends that the Workers' Compensation Law provides an exclusive remedy in this case, because plaintiff's allegations of negligence arise out of the employer-employee relationship between defendant and Theurer. We disagree.

ORS 656.018 provides, in part:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries * * * *arising out of and in the course of employment* that are sustained by subject workers * * *.

"* * * * *

"(2) The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries * * * *arising out of and in the course of employment* are in lieu of any remedies they might otherwise have for such injuries * * * against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury * * *."[7] (Emphasis added.)

---

[7] The operative text of ORS 656.018(1)(a) and (2) was revised by the legislature in 1995. Or Laws 1995, ch 332, § 5. The 1995 legislature also determined that the

 As is clear from the statutory text, the Workers' Compensation Law provides an exclusive remedy *only* for injuries "arising out of and in the course of employment." We already have determined that Theurer's injury did *not* occur in the course of his employment for the purposes of the Workers' Compensation Law. Consequently, the exclusivity provisions contained in ORS 656.018(1)(a) and (2) do not preclude plaintiff's wrongful death action.

Defendant also points to ORS 656.018(6) to support its contention that the Workers' Compensation Law provides the exclusive remedy in this case. That subsection provides:

"The exclusive remedy provisions and limitation on liability provisions of this chapter apply to all injuries * * * *arising out of and in the course of employment* whether or not they are determined to be compensable under this chapter."[8] (Emphasis added.)

We disagree that ORS 656.018(6) precludes plaintiff's wrongful death action, for the same reason stated above: The text of ORS 656.018(6) specifically states that the workers' compensation exclusivity provisions apply to all injuries "arising out of and in the course of employment." Because Theurer's death did not occur in the course of his employment, the exclusivity provisions contained in the Workers' Compensation Law do not apply to this case.

In summary, we conclude that Theurer's death falls within the going and coming rule and, consequently, did not occur in the course of his employment with defendant.

---

textual revisions to ORS 656.018 should apply retroactively to "all claims or causes of action existing or arising on or after the effective date of [the 1995 revisions], regardless of the date of injury or the date a claim is presented." Or Laws 1995, ch 332, § 66. In the course of deciding this case, we have reviewed both the old and new versions of ORS 656.018 and have concluded that the result here would be the same under either version of that statute. We note that, although we follow the 1995 text for the purposes of this opinion, we need not, and do not, decide any issues concerning the legislature's decision to make the 1995 amendments retroactive.

[8] The legislature enacted subsection (6) to ORS 656.018 in 1995. Or Laws 1995, ch 332, § 5. That subsection also applies retroactively to claims existing or arising on or after the effective date of the 1995 revisions. Or Laws 1995, ch 332, § 66. Again, because the result here would be the same without subsection (6), for the purposes of this opinion, we need not, and do not, decide any issues concerning the legislature's decision to make subsection (6) retroactive, or the effect of subsection (6) upon pre-existing law.

Because Theurer's death did not occur in the course of his employment, he did not suffer a compensable injury under ORS 656.005(7)(a), and the exclusivity provisions of the Workers' Compensation Law contained in ORS 656.018 do not bar plaintiff's wrongful death action.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.