Argued and submitted October 1, 1998, affirmed December 29, 1999

In the Matter of the Compensation of
Scott Alltucker, Claimant.

Scott ALLTUCKER,
*Petitioner,*

*v.*

CITY OF SALEM,
*Respondent.*

(97-03007; CA A101436)

993 P2d 159

Ralph E. Wiser, III, argued the cause for petitioner. With him on the brief was Bennett, Hartman, Reynolds & Wiser.

Chess Trethewy argued the cause for respondent. On the brief were Joseph D. Robertson and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Landau, Presiding Judge, Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

\* Deits, C. J., *vice* Rossman, S. J.

**WOLLHEIM, J.**

Claimant seeks review of a Workers' Compensation Board order upholding the City of Salem's (city) denial of his claim. We review for errors of law, ORS 656.298(7) and ORS 183.482(8), and affirm.

Claimant is a firefighter and paramedic for the city. His monthly schedule consists of alternating shifts as either a paramedic or a firefighter. He can be assigned to any of the city's stations. The city issues a monthly report that shows the shift schedules for the month. In addition, the city issues a daily report based on last minute changes. For this reason, employees are expected to call in each morning to verify where to report for work.

Before his March 26, 1996, shift, claimant did not call in to check for schedule changes. Claimant reported to work at his scheduled station, Station 2. When claimant arrived at work, he discovered that his schedule had changed and that he was required to report for work at Station 5. Claimant left Station 2 and rode his bicycle to Station 5. Claimant injured his left forearm while riding to Station 5 when his bike trailer, carrying his work clothes, became caught in a railroad track and claimant was thrown over the handle bars of his bicycle.

■ The city denied the claim, contending that claimant was not injured in the course and scope of his employment. Claimant requested a hearing, and the administrative law judge (ALJ) set aside the denial. On appeal, the Board reinstated the city's denial, relying on the "going and coming rule." The going and coming rule provides that an injury sustained while a worker is going to or coming from work is not considered to have occurred in the course of employment and, therefore, is not compensable. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996).

■ ORS 656.005(7)(a) defines a compensable injury as one "arising out of and in the course of employment." In *Rogers v. SAIF*, 289 Or 633, 643, 616 P2d 485 (1980), the Supreme Court held that "in the course of" and "arising out of" employment are two prongs of a single unitary work-connection test. The court noted that the ultimate inquiry

remained: "[I]s the relationship between the injury and the employment sufficient that the injury should be compensable?" *Id.* at 642. It is well established that the "in the course of" prong concerns the time, place, and circumstances of the injury. Likewise, it is also well established that the "arising out of" prong requires a causal connection between the injury and the worker's employment. *Krushwitz*, 323 Or at 525-26; *Illiaifar v. SAIF*, 160 Or App 116, 120, 981 P2d 353 (1999).

In *Krushwitz*, the Supreme Court described the going and coming rule as providing that "injuries sustained while an employee is traveling to or from work do not occur in the course of employment and, consequently, are not compensable." *Id.* at 526. The reason for the rule is that the employer exercises no control over the worker and the worker is rendering no services for the employer. *Krushwitz* was an action for wrongful death where the decedent died in an automobile accident while driving home from work. The defendant argued that the exclusive remedy provision of the Workers' Compensation Law, ORS 656.018, barred the wrongful death action because the injury was compensable. The defendant argued that the "special errand" exception to the going and coming rule applied. The special errand exception to the going and coming rule applies when a worker sustains an off-premises injury while performing a special task or mission for the employer. *Id.* at 527. In order for that exception to apply, either the worker must be acting in furtherance of the employer's business or the employer must have had the right to control the worker's travel in some respect. *Id.* at 528. The Supreme Court noted that it traditionally takes a narrow approach in applying an exception to the going and coming rule and concluded that the special errand exception did not apply. Because the accident was not compensable, the exclusive remedy provision did not bar the wrongful death action. *Id.* at 529, 533.

Claimant relies on *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 943 P2d 197 (1997), to support his argument that his injury was "in the course of" his employment. There the claimant was injured after her shift ended while going to her car, which was parked in employer's parking lot. The Supreme Court held:

"An injury occurs 'in the course of' employment if it takes place within the period of employment, at a place where a worker reasonably may be expected to be, and while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it. 'In the course of' employment also includes a reasonable period of time after work for the worker to leave the employer's premises, including the employer's parking lot." *Id.* at 598.

Claimant argues that, because firefighters travel from one station to another, "[t]raveling across town is simply part and parcel of the duties of a fire fighter." Further, claimant argues that the fact that he was not paid at the time of his injury is not relevant, because in *Hayes*, the Supreme Court held that certain purely personal activities still occur in the course of employment.

■    We agree with the Board that claimant's injury did not occur "in the course of" his employment. The going and coming rule applies. Claimant has not established any exception to the going and coming rule. While it is true that traveling across Salem is part of claimant's work as a firefighter, the injury did not occur while claimant was acting as a firefighter. The fact that claimant was traveling from one station to another is not relevant under the circumstances of this case. If claimant had called in, in accordance with the city's policy, to determine where he was scheduled to work the morning of the injury, then he would have discovered that he was scheduled to work at Station 5, not Station 2. If claimant's injury had occurred while he was traveling on his bicycle from home to Station 5, then that injury would not be compensable due to the going and coming rule. We see no reason why the result should be different because claimant failed to call in that morning and first reported to Station 2.

Nonetheless, claimant argues that his injury should be compensable because it arose out of his employment. For an injury to arise out of claimant's employment, he must establish a causal connection between the injury and his work. *Krushwitz*, 323 Or at 525-26. Basically, claimant argues that, because traveling across the city is part of claimant's job, any injury incurred while traveling arises out of his employment as a firefighter. That argument might have

some merit if the injury occurred while claimant was traveling in the course of his employment as a firefighter. We reject, without further discussion, claimant's argument that an injury while traveling to work is compensable merely because claimant was required to travel as part of his employment.

Affirmed.