Argued and submitted May 2, 2000, order granting a new trial as to Owens-Brockway Glass Container, Inc., reversed; otherwise affirmed February 14, 2001

Sommuang PANPAT,
as Personal Representative for the Estate of
Achara Tanatchangsang,
*Respondent,*

*v.*

OWENS-BROCKWAY GLASS CONTAINER, INC.,
a Delaware corporation,
*Appellant,*

*and*

STANLEY-SMITH SECURITY,
a Texas corporation,
dba Wallace Security;
Wallace Prince,
individually and in his capacity as Security Supervisor;
and A. J. Campbell,
individually and in his capacity as a Security Officer,
*Defendants.*

OWENS-BROCKWAY GLASS CONTAINER, INC.,
a Delaware corporation,
*Third-Party Plaintiff,*

*v.*

ESTATE OF CHRIS A. BLAKE,
*Third-Party Defendant.*

(9708-06234; CA A104501)

21 P3d 97

Lee Ann Huntington argued the cause for appellant. With her on the briefs were Stephen M. Hankins, Charles F. Adams, Andrew R. Gardner, Morgenstein & Jubelirer LLP and Stoel Rives LLP.

Jana Toran argued the cause for respondent. With her on the brief was James Patrick McHugh, Jr.

Before Haselton, Presiding Judge, and Linder and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Employer[1] appeals from an order granting plaintiff's motion for a new trial in this wrongful death action. We reverse the order as to employer and remand with instructions to enter judgment in employer's favor.

Chris Blake and Achara Tanatchangsang worked on the same shift in employer's Portland manufacturing plant. Blake and Tanatchangsang were also involved in a romantic relationship that ended in November 1995. In January 1996, Blake told employer's plant superintendent that he was having difficulty coping with the breakup and that he did not want to work the same shift as Tanatchangsang. Employer's plant superintendent approached Tanatchangsang and offered to transfer her to a different shift. Tanatchangsang did not want to be transferred, however. In January 1996 and again in March 1996, Tanatchangsang reported to her supervisor that Blake had called her derogatory names. At some point after the March 1996 incident, Blake was placed on medical leave.

In April 1996, while still on medical leave, Blake entered employer's manufacturing plant and shot and killed Tanatchangsang while she was at work. He then killed himself. Tanatchangsang's estate brought this wrongful death action against employer, alleging that it had failed to provide security in the workplace that would have protected Tanatchangsang from Blake and that employer's "conduct was a substantial factor in causing the death of Tanatchangsang." Specifically, plaintiff alleged that employer had negligently

"created a foreseeable risk of harm to Tanatchangsang in the following particulars:

"(a)  In failing to instruct security officers to refuse entry to Blake;

---

[1] Plaintiff sued Owens-Brockway Glass Container, Inc., Stanley-Smith Security, and two of Stanley-Smith's security officers. The trial court granted summary judgment in favor of all four defendants. Plaintiff moved for a new trial. The trial court granted plaintiff's new trial motion and Owens-Brockway has appealed from that ruling. *See Carter v. U. S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987). On appeal, we refer to Owens-Brockway as employer.

"(b)   In failing to provide training to security officers regarding [employer's] policies;

"(c)   In failing to provide Tanatchangsang security despite knowledge that Blake posed a substantial risk of harm to her;

"(d)   In failing to intervene when notified Tanatchangsang was being held at gunpoint;

"(e)   In allowing a visibly intoxicated person to enter the facility; and, or

"(f)   After observing Blake's presence, by failing to direct him to exit the premises."[2]

Employer moved for summary judgment on three grounds: (1) that it had no notice of the need to control Blake; (2) that Blake's criminal act was not foreseeable; and (3) that the Oregon workers' compensation system provides the exclusive remedy for plaintiff's claim. The trial court granted employer's summary judgment motion because "plaintiff ha[d] failed to present a genuine issue for trial concerning [employer's] knowledge of the need to control Chris Blake." The trial court entered judgment in employer's favor.

Plaintiff moved for a new trial because it had discovered a workplace violence policy that employer had promulgated. Plaintiff argued that, once Blake called Tanatchangsang derogatory names in the workplace, the workplace violence policy required employer to " 'take steps based on *available information* to address to the extent possible the risk of reoccurrence of such incident or of *further violence.*' " (Emphasis in original.) The court granted plaintiff's new trial motion, and employer appeals from that ruling. On appeal, employer argues that, because the workplace violence policy was a subsequent remedial measure, it was inadmissible and could not provide a basis for granting a new trial. Employer also argues that plaintiff's wrongful death "is barred by the exclusive remedy provision of the workers' compensation law." Plaintiff responds that the court correctly granted its new trial motion based on newly discovered evidence and that, in any event, the court could have granted the new trial

---

[2] Plaintiff did not allege that employer was negligent in failing to warn Tanatchangsang.

motion because the court had erred initially in granting employer's summary judgment motion.

■ We begin with employer's summary judgment motion and its argument that the workers' compensation system provides plaintiff's exclusive remedy. *See Krushwitz v. McDonald's Restaurants*, 323 Or 520, 525, 919 P2d 465 (1996) (considering that issue as a defense to a wrongful death claim). ORS 656.018 provides that, if a worker's injury "aris[es] out of and in the course of employment," a worker may not bring a tort action against the employer; rather, the worker is limited to his or her remedy under the workers' compensation laws.[3] Because this case arises on summary judgment, employer can prevail on its workers' compensation defense only if the facts, taken in the light most favorable to plaintiff, show that the injury that produced Tanatchangsang's death arose out of and in the course of her employment. *See Krushwitz*, 323 Or at 526, 532-33.

■ In this case, there is no dispute that the injury that caused Tanatchangsang's death occurred in the course of her employment. The question is whether that injury arose out of her employment. The Oregon Supreme Court has explained that the question whether an injury arises out of employment "tests the causal connection between [a] claimant's injury and a risk connected with her employment." *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 601, 943 P2d 197 (1997). A claimant need not show that the risk was peculiar to the work or that the work quantitatively increased the risk of injury. *Id.* "Rather, a worker's injury is deemed to 'arise out of' employment if the risk of injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker." *Id.*

In *Redman Industries, Inc. v. Lang*, 326 Or 32, 40, 943 P2d 208 (1997), the court explained that the risk of assault by a coworker in the workplace ordinarily "is a risk to

---

[3] ORS 656.018 is subject to certain exceptions that are not applicable here. We also note that the Supreme Court has held that applying the workers' compensation exclusivity provisions to a negligent wrongful death claim does not violate Article I, section 10, of the Oregon Constitution. *Kilminster v. Day Management Corp.*, 323 Or 618, 627-28, 919 P2d 474 (1996). Plaintiff accordingly has not raised a constitutional challenge to employer's assertion that workers' compensation provides plaintiff's exclusive remedy.

which the work environment exposes an employee" and thus arises out of work. *Id.* However, that is not always true. *Id.* "When the motivation for an assault by a coworker is an event or circumstance pertaining to the assailant and the claimant that originated entirely separate from the workplace, and the only contribution made by the workplace is to provide a venue for the assault," the assault does not arise out of employment. *Id.; see also Robinson v. Felts,* 23 Or App 126, 133, 541 P2d 506 (1975). The court noted, as an example, that "where two employees had a romantic relationship outside of work and a workplace assault by one on the other was based on an event unique to that relationship and was not fueled, in part, by any workplace event," the assault would not arise out of employment. *Redman,* 326 Or at 41.

On appeal, plaintiff argues that Blake's assault on Tanatchangsang was motivated purely by personal reasons and thus fits squarely within the example noted in *Redman.* It follows, plaintiff reasons, that Tanatchangsang's injury did not arise out of work and that the workers' compensation statutes do not bar its negligence claim against employer. Employer responds that plaintiff faces a dilemma. If Blake's personal animosity were the sole cause of Tanatchangsang's death, as plaintiff argues, plaintiff has not stated a negligence claim against employer. In order to state a negligence claim against it, employer reasons, plaintiff must allege that employer's conduct was a substantial factor in causing Tanatchangsang's death. *See Purcell v. Asbestos Corp., Ltd.,* 153 Or App 415, 421, 959 P2d 89, *on recons* 155 Or App 1, 963 P2d 729 (1998), *rev den* 325 Or 438 (1999).

Employer notes that plaintiff has alleged, presumably to supply the necessary causal link for its negligence claim, that employer's failure to take steps in the workplace to protect Tanatchangsang from foreseeable injury was a "substantial factor in [her] death[.]" Employer argues that, while that allegation supplies the necessary causal link for plaintiff's negligence claim, it also establishes that Tanatchangsang's death arose in substantial part from a risk to which the work environment exposed her. *See Fred Meyer, Inc.,* 325 Or at 601-02. Employer concludes that, to the extent that a risk to which the workplace exposed Tanatchangsang

was a substantial factor in causing her death, workers' compensation provides the exclusive remedy for the injury that Tanatchangsang suffered.

Employer's argument potentially raises two issues. The first issue is whether an allegation that an employer's conduct was a substantial factor in causing a worker's injury (the causal test for negligence) always establishes that the injury resulted from a risk to which the workplace exposed the worker (the causal test for workers' compensation).[4] We need not decide that broad issue to resolve this case, however. In this case, plaintiff's six specifications of negligence either allege that the injury that Tanatchangsang suffered resulted from a risk to which the workplace exposed her or fail to state a claim for negligence.

Five of plaintiff's six specifications of negligence allege that employer failed to provide a secure workplace. Plaintiff alleges, for example, that employer was negligent "[i]n failing to provide training to security officers regarding [employer's] policies" and "[i]n allowing a visibly intoxicated person to enter the facility." The failure to provide increased or better security in the workplace is functionally no different from the failure in *Fred Meyer, Inc.* to provide increased or better lighting in the employee parking lot. Both actions resulted in workplace conditions that exposed an employee to a risk of assault. *See* 325 Or at 601-02. As the court explained in *Fred Meyer, Inc.*, requiring the claimant to park on the fringes of a poorly lit parking lot " 'made [her] vulnerable to an attack' and created the risk that such an attack would occur." *Id.* at 602. According to plaintiff's complaint, employer's failure to provide better security in the workplace made Tanatchangsang vulnerable to an attack and was a substantial factor in creating the risk that Blake would assault her.

---

[1] In *Fred Meyer, Inc.*, the court explained that "a worker's injury is deemed to 'arise out of' employment if the risk of the injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker." 325 Or at 601. We focus on the latter part of that causal test for workers' compensation because there is no claim that Tanatchangsang's injury resulted from the nature of her work.

The fourth specification presents a potentially different issue. It alleges that employer "fail[ed] to intervene when notified Tanatchangsang was being held at gunpoint[.]" That specification can be read in one of two ways. To the extent that it alleges that every bystander should intervene to protect a person being held hostage, that theory of negligence might not be subject to the workers' compensation statutes, but it fails to state a claim for relief. A bystander who fails to come to another's aid is not negligent. *See Sullenger v. Setco Northwest*, 74 Or App 345, 348, 702 P2d 1139 (1985); *Restatement (Second) of Torts* § 314 (1965). To the extent that the fourth specification alleges that employer had a duty, arising out of its status as an employer, to intervene to protect its employees in the workplace, the risk arising from the failure to comply with that duty, if it exists, arises out of employment and is no different from the risk posed by plaintiff's five other specifications of negligence.

■    We accordingly conclude that, if the allegations that are a prerequisite to plaintiff's negligence claim are true, a substantial factor in causing Tanatchangsang's death was a risk to which the workplace exposed her. The remaining question is what effect that factor has when combined with the motive for Blake's assault. Because this case arises on summary judgment, we view the facts in the light most favorable to plaintiff and assume that Blake's decision to assault Tanatchangsang was based solely on his disappointment over the course of their personal relationship and was not engendered or exacerbated by their employment. As noted above, however, plaintiff has also alleged that employer's failure to provide a secure workplace "created a foreseeable risk of harm to Tanatchangsang" and was a substantial factor in causing her death. In other words, to the extent that plaintiff has alleged a negligence claim against employer, we must assume that two factors caused Tanatchangsang's death: One factor was wholly personal and unrelated to work while the other resulted from a risk to which the workplace exposed her.

The court has explained that "[w]hen the motivation for an assault by a coworker is an event or circumstance pertaining to the assailant and the claimant that originated

entirely separate from the workplace, and the *only* contribution made by the workplace is to provide a venue for the assault," then the assault does not arise out of employment. *Redman Industries, Inc.*, 326 Or at 40 (emphasis added). Conversely, when a risk in the workplace contributes to the assault, then the resulting injury arises out of employment. *See* Arthur Larson and Lex K. Larson, 1 *Larson's Workers' Compensation Law* § 8.02[1][c] (2000). As Larson explains:

> "When it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable even in states fully accepting the positional-risk test[.]"

*Id.* (footnotes omitted). In this case, plaintiff's specifications of negligence establish that the employment facilitated the assault even though we assume, on employer's motion for summary judgment, that it did not engender or exacerbate it. Plaintiff's allegations also establish that the employment conditions were not an incidental or *de minimis* cause of Tanatchangsang's death; rather, plaintiff has alleged that they were a substantial factor in causing her death.

We recognize that the personal motivation for Blake's assault on Tanatchangsang would ordinarily be sufficient for an agency or a court to say that Tanatchangsang's injury did not result from a risk in the workplace. *See* 1 *Larson's Workers' Compensation Law* § 8.02[1][c]. In this case, however, plaintiff has alleged that employer's failure to provide a secure workplace was a "substantial factor in causing the death of Tanatchangsang." That allegation, which is an essential element of plaintiff's negligence claim, takes this case out of the class of cases in which the workplace only provides a venue for the assault and brings it within the class of cases for which workers' compensation provides the exclusive remedy.

Because the injury that led to Tanatchangsang's death arose out of and in the course of her employment, the workers' compensation system provides plaintiff's exclusive remedy. *See* ORS 656.018. The trial court correctly granted employer's summary judgment motion. The court, however,

erred in allowing plaintiff's motion for a new trial as to employer. Even if employer had a workplace violence policy that pre-existed Tanatchangsang's injury, that policy provides no basis for avoiding workers' compensation exclusivity.

Order granting a new trial as to Owens-Brockway Glass Container, Inc., reversed; otherwise affirmed.