Argued and submitted October 26, 2006, Reynolds High School, Troutdale,
reversed and remanded for reconsideration February 28, 2007

In the Matter of the Compensation of
Ryan K. Gibson, Claimant.

J A K PIZZA, INC. - DOMINO'S,
*Petitioner,*

*v.*

Ryan K. GIBSON,
*Respondent.*

Workers' Compensation Board
0405660; A128930

154 P3d 159

Jerald P. Keene argued the cause and filed the briefs for petitioner.

James Moller argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

Employer seeks judicial review of an order of the Workers' Compensation Board (board) concluding that claimant's injuries, incurred while crossing a street on the way back to the workplace from a personal errand during a break, arose out of and in the course of his employment and were therefore compensable. We review the board's legal conclusions for errors of law and its findings of fact for substantial evidence, ORS 183.482(7), (8). Because we need the board to clarify one of its findings, we remand.

The following facts were found or adopted by the board and are supported by substantial evidence. Claimant, a 17-year-old, worked in one of employer's restaurants as a pizza maker. On the day of the accident giving rise to this case, his shift began at 4:00 p.m. At approximately 9:30 p.m., he had his "lunch" break. As instructed by Newby, the supervisor and manager of the restaurant, he clocked out. However, when he told Newby that he planned to drive to a nearby grocery store to buy a bottle of water—employer sold some drinks, but claimant preferred others—Newby told him, as the administrative law judge (ALJ) found and the board accepted, "that he did not have enough time and that Mr. Newby needed claimant at the employer's premises. Newby then directed claimant to go to the store across the street and get back to the employer's premises." Specifically, Newby testified, "I'm like, Dude, just run across the street." Claimant then took off his apron, walked across the street, and bought a drink. Returning, he attempted to cross the street midblock and was struck by an automobile.

Based on those facts, the board concluded that claimant's injuries arose out of and in the course of employment and were therefore compensable. ORS 656.005(7)(a). To determine whether an injury meets the statutory criteria, the Supreme Court has articulated a two-part, but ultimately unitary, "work-connection" test, asking whether the relationship between the injury and the employment is sufficient to merit compensation. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997). The "arising out of" part requires some causal link between claimant's employment and the

injury. *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). To satisfy the "in the course of employment" part, a claimant must show that the time, place, and circumstances of the injury are connected to the claimant's employment. *Robinson v. Nabisco, Inc.*, 331 Or 178, 186, 11 P3d 1286 (2000). Each part must be supported by some evidence, but satisfaction of one part may be minimal if the other has strong support. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 531, 919 P2d 465 (1996).

■     Generally, injuries sustained by an employee while traveling to or from work are not considered to be in the course of employment and are therefore not compensable. *Cope v. West American Ins. Co.*, 309 Or 232, 237, 785 P2d 1050 (1990); *Heide/Parker v. T.C.I. Incorporated*, 264 Or 535, 539, 506 P2d 486 (1973). The purpose of this "going and coming" rule is that "the relationship of employer and employee is ordinarily suspended from the time the employee leaves his work to go home until he resumes his work, since the employee, during the time that he is going to or coming from work, is rendering no service for the employer." *Krushwitz*, 323 Or at 526-27.

■■     Further, an unpaid break during which an employee leaves the employer's premises is generally noncompensable under the going and coming rule. *White v. S.I.A.C.*, 236 Or 444, 447, 389 P2d 310 (1964); *Barker v. Wagner Mining Equip.*, 6 Or App 275, 278, 487 P2d 1162 (1971). However, a "special errand" exception applies to situations in which "*either* the employee was acting in the furtherance of the employer's business at the time of the injury *or* the employer had a right to control the employee's travel in some respect." *Krushwitz*, 323 Or at 528 (emphasis in original).

The parties appear to agree on those legal principles. The disagreement arises with respect to the board's application of them. The board explicitly concluded that "employer did not have the right to control claimant during his unpaid lunch break." That conclusion is supported by substantial evidence and claimant does not dispute it. In upholding the compensability of the claim, the board therefore must have concluded that claimant's errand to the convenience store

across the street was "in furtherance of the employer's business." *Krushwitz*, 323 Or at 528. The board explained:

> "Newby expressly directed claimant to perform a certain act during his lunch break; *i.e.*, going across the street to buy a beverage, because Newby was concerned that claimant may not be back by the end of his break. Although he disagreed, claimant complied with Newby's directive. Claimant attempted to return to the work site as quickly as possible with the specific intention of being available to work as needed."

According to employer, that paragraph and the facts underlying it do not amount to substantial evidence that claimant's errand was in furtherance of the employer's business. Employer points out that, although Newby "directed" claimant to buy his drink at the store across the street instead of at a more distant grocery store, the choice to leave the workplace in the first place was claimant's. Newby, according to employer, did not direct claimant to go across the street; claimant had the option of going across the street or not buying water, and he freely chose to go across the street.

To the extent that claimant chose the route that he did in order to avoid overextending his lunch break, he cannot claim to have done so for employer's benefit under the "special errand" rule; such a conclusion would render the "going and coming" rule inapplicable whenever a worker incurred an injury due to his or her hurry to get to work on time. On the other hand, if claimant chose to follow employer's instruction regarding how he should accomplish his personal errand because he reasonably understood that employer had directed him to return to work *before the end* of his lunch break so that he could be available as a stand-by in the event that a surge in customers occurred, then the errand was in furtherance of employer's business, was a "special errand," and gave rise to a compensable injury. In that latter case, we would conclude that, with respect to the "in the course of employment" aspect of the statute, "the time, place, and circumstances of the injury justify connecting the injury to the employment." *Robinson*, 331 Or at 186. Specifically, we would conclude that claimant was where he was, when he was there, because of the unforeseen and special imperative of his employment, and that, further, with respect to the

"arising out of employment" aspect, there was a clear "causal connection between claimant's injury and a risk connected with [his] employment." *Fred Meyer, Inc.*, 325 Or at 601. Employer's need for claimant's hasty return was connected to the injury.

We are unable to discern from the record whether the board found that Newby directed claimant not to exceed his allotted lunch break, or not to take the entire break and return early. In light of the testimony, the findings are ambiguous. When employer's attorney asked Newby if he expected claimant to take his full 30-minute break, Newby replied, "Yes, I did, *unless something unforeseen happened and I needed him to come back early.*" Newby also agreed that it would be fair to characterize his instructions to claimant that he should return to the restaurant "as soon as you can." Claimant himself testified that he understood Newby wanted him to "get back as soon as possible, so that I'd be there in case he need[ed] me." Newby's wife testified that it was her understanding that Newby told claimant to buy his drink across the street because, "if he needed [claimant's] help, [claimant] would be right there."

Based on that testimony, the ALJ found that "Mr. Newby informed claimant that he did not have enough time and that Mr. Newby needed claimant at the employer's premises. Mr. Newby then directed claimant to go to the store across the street and get back to the employer's premises." On review, the board "adopt[ed] and affirm[ed] the ALJ's order with the following supplementation regarding the course and scope issue." It then characterized the events as quoted above:

> "Newby expressly directed claimant to perform a certain act during his lunch break; *i.e.*, going across the street to buy a beverage, because Newby was concerned that claimant may not be back *by the end of his break*. Although he disagreed, claimant complied with Newby's directive. Claimant attempted to return to the work site as quickly as possible with the specific intention of *being available to work as needed.*"

(Emphasis added.) In light of the testimony and the ALJ's findings—which, we note, are "supplemented" but not contradicted or changed—the italicized language might mean

that Newby wanted claimant already to have returned before the time that claimant's break ended. We therefore remand to the board for clarification. *See Labor Force v. Frierson*, 169 Or App 573, 578, 9 P3d 128 (2000) (remanding case because order was not clear).

Should the board find that Newby did not direct claimant to return from lunch early in order to be on standby, then the board should address an issue that the ALJ did not reach due to its decision in claimant's favor on the "special errand" theory: that claimant's break cannot be considered "unpaid" because employer was legally required to pay him for it and that, therefore, it arose out of and in the course of employment.

Reversed and remanded for reconsideration.