No. 928 December 26, 2024 63

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Shawn Wiley, Claimant.

Shawn WILEY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Pro Truck Dispatch, LLC,
*Respondents.*

Workers' Compensation Board
2201038;
A182612

Argued and submitted November 8, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Beth Cupani argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded for reconsideration.

## KAMINS, J.

In this petition for judicial review of an order of the Workers' Compensation Board, claimant contends that the board erred in upholding SAIF's and employer Pro Truck Dispatch LLC's denial of his multiple injuries, suffered when he was struck by a car as he jaywalked from a parking space to work across a busy public road. We review the board's order for substantial evidence, substantial reason, and legal error, ORS 183.482(8)(a), (c), and reverse and remand.

The board determined that claimant's injuries were excluded from coverage under the "going and coming" rule, under which a worker is generally not considered to be in the course and scope of employment while travelling to or from work. *See Krushwitz v. McDonald's Restaurants*, 323 Or 520, 529, 919 P2d 465 (1996) ("The relationship of employer and employee is ordinarily suspended from the time the employee leaves his work to go home until he resumes his work, since the employee during the time that he is going to or coming from work, is rendering no service for the employer."). Claimant argued to the board that the circumstances of his injuries fell within two potential exceptions to the going and coming rule—the "parking lot" rule, and the "greater hazard" rule.

The board rejected both of those contentions. The board concluded that the "parking lot" exception was not applicable, because employer did not have any control over the parking lot where claimant parked or the road in which claimant was struck. *See Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994) ("When an employee traveling to or from work sustains an injury 'on or near' the employer's premises, the 'in the course of' portion of the work-connection test may be satisfied if the employer exercises some 'control' over the place where the injury is sustained."). The board concluded that the "greater hazard" exception was not applicable, because claimant had not been required to park across the road and, further, that crossing the road did not constitute a greater hazard then that to which the general public is exposed. *See Krushwitz*, 323 Or at 529 (The "greater hazard" exception is limited to situations in which the worker "is injured while traveling upon the only means

of ingress to or egress from the employer's premises and some 'greater hazard' existed upon that route.").

On judicial review, in a single assignment of error, claimant challenges both determinations. SAIF responds that the board correctly analyzed and resolved the legal questions raised by claimant and that the board's findings are supported by substantial evidence. We have reviewed the record and agree that the board's determination on the parking lot exception is supported by substantial evidence and is legally correct.

However, the board's order does not resolve two factual issues that we conclude are necessary to resolve the issue of the greater hazard exception. Specifically, the board's order does not address two questions that we conclude are presented by the circumstances of claimant's injury: Was claimant required to park across the busy four-lane road, and was he directed to jaywalk rather than walk a mile to the nearest crosswalk, such that he was exposed to a risk greater than the general public would be? The board found that employer's "acquiescence constitute[d] his endorsement" of the parking arrangement and that claimant "volunteered" to park across the road on the day he was injured rather than in employer's parking lot next to the building. But it is undisputed that claimant "volunteered" to park across the road on the day he was injured because there were not enough spaces in employer's lot for all employees and employer's customers, and employer had directed that *someone* must park across the road. Claimant took on that responsibility for employer's benefit, and the board did not address that circumstance in its findings. The board should consider on remand whether employer's endorsement of the parking arrangement, with which claimant complied, was the equivalent of requiring claimant to park across the road on the day of the accident.

Additionally, the record includes evidence that employer indicated, by example, that claimant could jaywalk across the busy four-lane road from the parking space; the board's findings do not show that it considered whether that circumstance constituted direction to claimant to jaywalk, a question that bears on whether employer exposed claimant

to a greater hazard. The board should address on remand whether employer's example of jaywalking from the parking space exposed claimant to a greater hazard. Accordingly, we remand the board's order for it to address those questions.

Reversed and remanded for reconsideration.