Argued and submitted January 6, decision of the Court of Appeals and order of the
Workers' Compensation Board reversed and case remanded to the Workers'
Compensation Board for further proceedings February 25, 1994

In the Matter of the Compensation of
William F. Gilmore, Claimant.

NORPAC FOODS, INC.,
*Petitioner on Review,*

*v.*

William F. GILMORE,
*Respondent on Review.*

(WCB 91-04989, 91-04663; CA A78880; SC S40614)

867 P2d 1373

Chess Trethewy, of Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem, argued the cause and filed the petition for petitioner on review.

David W. Hittle, of Burt, Swanson, Lathen, Alexander & McCann, Salem, argued the cause for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

UNIS, J.

## UNIS, J.

The issue in this workers' compensation case is whether claimant's injury is compensable solely because it occurred in a parking lot owned and maintained by employer.

On March 4, 1991, claimant worked a full shift as a quality control grader at employer's place of business. At the end of his shift, claimant left the plant and walked to his car, which was parked in a lot owned and maintained by employer. When claimant got to his car, he opened the door and began to enter the vehicle. As claimant was sliding into the driver's seat of his car, he felt his right knee "grab/lock up," which produced excruciating pain. He backed out of the car and kicked his right leg out straight, which produced a popping sound, along with swelling and extreme pain in his right knee. Claimant drove home. At the time claimant was injured, he had completed all work duties, and he was not compensated by employer for the time between completion of his duties and his arrival home.

The next day, claimant went to the emergency room of a local hospital for the pain in his right knee. The attending physician took claimant off work and advised claimant to visit an orthopedic surgeon. Claimant subsequently received treatment, including arthroscopy, from an orthopedic surgeon for the damage to his right knee. The treatment was successful, and claimant returned to work in April 1991.

On April 17, 1991, claimant filed a workers' compensation claim, contending that he had injured his knee as a result of his work on March 4, 1991. Employer denied that claim on April 22, 1991. A hearing was held before a Workers' Compensation Board (Board) hearings referee. The referee affirmed employer's denial of the claim because claimant did not establish a causal link between a condition associated with employer's parking lot and claimant's injury. On review, the Board reversed the referee's decision, relying on *Boyd v. SAIF*, 115 Or App 241, 244, 837 P2d 556 (1992), in which the Court of Appeals held that "[t]he fact that an injury occurs on employer-controlled premises while the employee is travelling to and from work makes the incident sufficiently work connected" to make the injury compensable.

Employer petitioned for judicial review of the Board's order, and the Court of Appeals affirmed without opinion. *Norpac Foods, Inc. v. Gilmore*, 123 Or App 122, 858 P2d 183 (1993). This court allowed employer's petition for review to consider the compensability of injuries sustained in an employer-controlled parking lot. For the reasons that follow, we reverse the decision of the Court of Appeals and the order of the Board. We remand this case to the Board for further proceedings.

■ For an injury to be compensable under workers' compensation law, it must "aris[e] out of and in the course of employment." ORS 656.005(7)(a). Some courts have interpreted that phrase as creating two distinct tests, each of which must be satisfied for an injury to be compensable. This court has adopted a unitary approach, in which "arising out of" and "in the course of" are two elements of a single inquiry, that is, whether the relationship between the injury and the employment is sufficient that the injury should be compensable. *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980). Each element of the inquiry tests the work-connection of the injury in a different manner. The requirement that the injury occur "in the course of employment" concerns the time, place, and circumstances of the injury. *Clark v. U.S. Plywood*, 288 Or 255, 260, 605 P2d 265 (1980). The requirement that the injury "arise out of" the employment tests the causal connection between the injury and the employment. *Id.* In assessing the compensability of an injury, we must evaluate the work-connection of both elements; neither is dispositive.

■■ We first examine whether claimant's injury arose "in the course of" employment. This court follows the well-established "going and coming" rule, under which injuries sustained while an employee is going to and coming from the employee's regular place of employment generally are not considered to have occurred in the course of employment. *Philpott v. State Ind. Acc. Com.*, 234 Or 37, 40, 379 P2d 1010 (1963). The "going and coming" rule is not, however, an absolute bar to compensability. *See id.* at 41 (listing generally recognized exceptions).

■ One exception to the "going and coming" rule is the so-called "parking lot rule." Under the "parking lot rule,"

injuries sustained on the employer's premises while the employee is proceeding to or from work have a sufficient work-connection to be considered to have occurred "in the course of employment." *Cope v. West American Ins. Co.*, 309 Or 232, 785 P2d 1050 (1990); *Kowcun v. Bybee*, 182 Or 271, 186 P2d 790 (1947).

■    In this case, the Board and the Court of Appeals have taken the approach that if an injury occurs in an employer-controlled parking lot, it is *per se* compensable. In reaching that conclusion, the Board and the Court of Appeals have relied on this court's decision in *Cope v. West American Ins. Co., supra*. Both the Board and the Court of Appeals have misread the decision in *Cope*.

In *Cope v. West American Ins. Co., supra*, the plaintiff was injured while walking to work when she was struck by a vehicle driven by a co-worker. The injury occurred near the edge of an employer-controlled parking lot, in which the plaintiff had parked her car. The plaintiff's insurance company denied her underinsured motorist claim.[1] The plaintiff filed an action seeking a declaratory judgment that she was entitled to coverage. The defendants sought summary judgment, arguing that the plaintiff's exclusive remedy was through the workers' compensation system because the injury "arose out of and in the course of employment." The trial court granted summary judgment for defendants. This court reversed, holding that summary judgment was inappropriate because a genuine issue of material fact existed as to whether the injury occurred in the employer's parking lot or on a public sidewalk. In the process, this court discussed the "parking lot rule":

> "[W]hen an employee travelling to or from work sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created risks, or by the employer's property rights to the area where the injury is

---

[1] The plaintiff's claim for workers' compensation had been denied. The plaintiff then filed a claim under the co-worker's liability insurance and received $25,000, the limit of that policy. The plaintiff subsequently filed the underinsured motorist claim with her own insurer that was at issue in *Cope v. West American Ins. Co.*, 309 Or 232, 785 P2d 1050 (1990).

sustained, is immaterial. Some form of employer control of the area demonstrates the work-connection necessary to make the injury compensable." *Cope v. West American Ins. Co., supra,* 309 Or at 239 (citations omitted).

That passage may seem to imply that an injury that occurs in an employer-controlled parking lot is *per se* compensable. Reading that passage in context, however, leads to a different conclusion. First, *Cope* was decided on the basis of whether summary judgment was appropriate. This court's holding in that case was that a genuine issue of material fact existed as to where the injury occurred, specifically whether the injury occurred in the employer-controlled parking lot or on a public sidewalk. This court was not called on to apply the "parking lot rule" to determine compensability of the plaintiff's injury. Thus, the quoted passage is dictum. Second, the quoted passage dealt only with the question of when the "parking lot rule" applies, *i.e.,* how much employer control is necessary for the "parking lot rule" to become operative. *Cope* did not address the question of how the "parking lot rule" operates in determining compensability. Such an inquiry was unnecessary in that case. This court's decision in *Cope* should not, therefore, be read as establishing a rule that irrespective of other principles of workers' compensation law, injuries sustained in an employer-controlled parking lot are *per se* compensable.

■     The "parking lot rule" establishes only that the time, place, and circumstances of the injury are sufficiently work-related to justify compensability. As noted above, however, the time, place, and circumstances of the injury are only a portion of the inquiry into work-connection.

A claimant must also establish a causal connection between the injury and the employment, which is the second element of our unitary work-connection inquiry, namely, whether the injury "arose out of" the employment. It is well-established that an "employer * * * is not liable for any and all injuries to its employe[es] irrespective of their cause, and the fact that an employe[e] is injured on the premises during working hours does not of itself establish a compensable injury. The employe[e] must show a causal link between the occurrence of the injury and a risk connected with his or her

employment." *Phil A. Livesley Co. v. Russ*, 296 Or 25, 29, 672 P2d 337 (1983).

■     In this case, claimant was injured while getting into his car in an employer-owned parking lot immediately after the end of his shift. Thus, claimant's injury falls squarely within the "parking lot rule" and, therefore, occurred "in the course of" his employment. As we have stated, however, the mere fact that an injury occurs in a parking lot that is owned and maintained by an employer when an employee is going to and coming from the employee's regular place of employment does not, in and of itself, establish compensability. Claimant's injury must also "arise out of" the employment, *i.e.*, some causal connection must be demonstrated.

In reversing the decision of the hearings referee, the Board erred in determining that claimant's injury was compensable solely on the basis of where the injury occurred. Instead, the Board should have examined the causal connection between claimant's employment and the injury to determine if, in considering all the circumstances, claimant had shown a sufficient work-connection to justify compensability. The record being complete, it would be permissible for this court to address the question whether there is evidence to permit such a finding. However, because the Board is the last factfinding level in the workers' compensation review process, we believe that it is appropriate to remand this case to the Board to apply, in the first instance, the facts that it finds to the law that we announce here.

The decision of the Court of Appeals and the order of the Workers' Compensation Board are reversed. This case is remanded to the Workers' Compensation Board for further proceedings.