Argued and submitted April 21, reversed and remanded for reconsideration
May 25, 1994

In the Matter of the Compensation of
Ramon M. Marin, Claimant.

## SAIF CORPORATION
and Oregon Garden Products,
*Petitioners,*

*v.*

Ramon M. MARIN,
*Respondent.*

(WCB 92-07796; CA A81240)

875 P2d 529

_____

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Bradley P. Avakian argued the cause for respondent. On the brief were Lynn-Marie Crider and James L. Francesconi.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

_____

## DEITS, P. J.

SAIF seeks review of an order of the Workers' Compensation Board that holds that claimant's injury was compensable. Claimant's injury occurred while he was attempting to jump start his car, which was in the employer's parking lot, after he had completed his work shift. The issue in the case was whether there was a sufficient work relationship between the injury and claimant's employment. The Board concluded that the fact that the injury occurred on the employer's parking lot while he was attempting to leave work established a sufficient work connection to prove compensability.

Since the time of the Board's decision in this case, the Supreme Court decided *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 867 P2d 1373 (1994). In that case, the court explained that in evaluating the work connection of an injury, both the "arising out of" and "in the course of" elements of the test must be considered; neither is dispositive. The court stated that the fact that an injury occurs on work premises, such as a parking lot satisfies only the "in the course of" aspect of the work connection. It remains necessary to evaluate the "arising out of" aspect of the injury by assessing the causal link between the claimant's employment and the injury. In this case, the Board considered only the "in the course of" element of the work-connection test. Accordingly, it is necessary to remand this case to the Board to allow it to consider whether the injury "arose out of" claimant's employment.

Reversed and remanded for reconsideration.