Argued and submitted October 17, affirmed December 24, 1996

In the Matter of the Compensation of
James L. Burke, Claimant.

SAIF CORPORATION,
*Petitioner,*

*and*

OREGON SHAKESPEARE FESTIVAL,
*Employer,*

*v.*

James L. BURKE,
*Respondent.*

(94-15422; CA A91479)

929 P2d 1085

Julene M. Quinn argued the cause and filed the brief for petitioner.

Michael G. Balocca argued the cause and filed the brief for respondent.

No appearance for employer.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

SAIF Corporation seeks review of a Workers' Compensation Board (Board) order holding that claimant's injury is compensable. ORS 656.298. The question is whether claimant's injury arose out of his employment. We affirm.

We take the facts from the Board's findings, which are supported by substantial evidence. ORS 656.298(6); ORS 183.482(7),(8). Claimant worked as a stage manager for the Oregon Shakespeare Festival (OSF). OSF's job description for stage managers requires that they "make quick decisions under pressure." Furthermore, OSF's mission statement for all employees provides:

> "We demonstrate that [our patrons] are important to us by treating each patron with dignity and respect. We want to exceed our patron's [*sic*] expectations in every way by providing them with the highest level of service possible."

Consistent with that mission, claimant sometimes assisted patrons during performances, such as by helping them to find their seats. After attending a weekly staff meeting on October 19, 1994, claimant stopped to speak with several fellow stage managers. That conversation took place on "The Bricks," a cobblestone courtyard that is surrounded by the OSF administration building, claimant's office, and several OSF theaters. Claimant crossed The Bricks between four and ten times a day because his job required him to go from his office to the administration building and the theaters. When the conversation ended, claimant started walking toward his office. Simultaneously, an elderly man was riding a motorized three-wheeled scooter across The Bricks in the general direction of the theaters' ticket booth and restrooms. Claimant assumed that the man was a patron of the festival, because he "looked like a lot of our elderly patrons." Suddenly, the scooter started to tip over. Claimant dove to cushion the man's fall and twisted his own back in the process. That injury subsequently was diagnosed as a lumbar strain. SAIF denied claimant's claim, contending that his injury did

not occur in the course of his employment. The administrative law judge set aside SAIF's denial and the Board affirmed.[1]

■        SAIF first assigns error to the Board's conclusion that claimant's injury arose out of his employment. It concedes that claimant's injury occurred in the course of employment. Claimant responds that SAIF's concession, combined with the fact that "[c]laimant's employment put him in a position to be injured by the neutral risk," satisfies the unitary work-connection test. We review for errors of law and substantial evidence. ORS 656.298(6); ORS 183.482(7), (8).

■        An injury is compensable if it "aris[es] out of and in the course of employment." ORS 656.005(7)(a). The "arising out of [employment]" prong concerns the causal connection between the injury and the employment. *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). The "in the course of employment" prong concerns the time, place, and circumstances of the injury. *Id.* The two prongs constitute a unitary work-connection test, that is, "whether the relationship between the injury and the employment is sufficient that the injury should be compensable." *Id.* Both the "arising out of" and the "in the course of" prongs still must be satisfied to some degree. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 531, 919 P2d 465 (1996). However, "[d]eficiencies in the strength of one factor may be made up by the strength of the other." *Henderson v. S.D. Deacon Corp.*, 127 Or App 333, 335, 874 P2d 76 (1994).

■        Because SAIF concedes that claimant's injury occurred in the course of employment, the only question before us is whether claimant satisfied the "arising out of" prong. An injury arises out of employment where "the totality of the events that gave rise to claimant's injury was causally related to his employment." *SAIF v. Marin*, 139 Or App 518, 522, 913 P2d 336, *rev den* 323 Or 535 (1996).

---

[1] The Board relied on the so-called "rescue doctrine" to resolve the question of whether claimant's injury occurred in the course of his employment. Because SAIF concedes that claimant's injury did occur in the course of employment, we express no opinion about that doctrine under Oregon Workers' Compensation law.

■ It is undisputed that claimant's job required him to cross The Bricks between four and ten times a day. His job description required him to "make quick decisions under pressure," and he was aware of OSF's mission statement, which requires employees to provide patrons with "the highest level of service possible." Claimant believed that the man on the scooter was an OSF patron, and claimant had assisted patrons in the past. We conclude that the totality of those events gave rise to claimant's injury and that the injury was causally related to his employment. Consequently, the Board did not err in holding that claimant's injury arose out of his employment.

SAIF's second assignment of error is that substantial evidence does not support the Board's conclusion that OSF controlled The Bricks. However, the Board's discussion of control of The Bricks was in the context of its analysis of the "in the course of employment" prong of the compensability test. Because SAIF concedes that claimant's injury occurred in the course of his employment, we need not address that assignment of error.

Affirmed.