Argued and submitted September 17, 1996, reversed and remanded for
reconsideration April 30, 1997

In the Matter of the Compensation of
Cheryl T. Torkko, Claimant.

Cheryl T. TORKKO,
*Petitioner,*

*v.*

SAIF CORPORATION
and Coos County S-D #13,
*Respondents.*

(Agency No. 95-01511; CA A91855)

938 P2d 225

Juli Point argued the cause for petitioner. With her on the brief was Foss, Whitty, Littlefield & McDaniel, LLP.

Michael O. Whitty, Special Assistant Attorney General, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board that concluded that her injury was not compensable because it did not arise out of her employment. ORS 656.005(7)(a). We reverse and remand.

We quote the material facts, which are undisputed, from the Board's order:

> "Claimant is an elementary school teacher who teaches seven[-] and eight-year-olds a variety of subjects on a daily basis. On December 6, 1994, which was a regularly-scheduled work day, claimant drove to her elementary school and entered a parking lot owned and maintained by the school district. The parking lot is used almost exclusively by teachers, although it is also open to members of the public who have business at the school.

> "Claimant parked her car in her customary spot, close to an entry door to the school. She got out of her car and closed the driver's door. She then opened the left rear door in order to retrieve a bag in which she kept both school-related and personal items. Included in those items were papers she had graded the night before, as well as art supplies and other-classroom [*sic*] materials. After getting the bag, she closed the door and turned to her left to begin her walk to the door of the school. In so doing, she struck her head on the side mirror of a van that was parked in the space next to her car. That vehicle was owned by another employee of the school. The incident occurred a few minutes before the beginning of the work day.

> "Claimant immediately reported her injury to a custodian, the school principal and a secretary. Within a half hour, she placed an ice pack on her head and neck and then began her regular classroom duties. She filed a claim for compensation on the day of her injury. She later obtained medical services from her long-time chiropractor.

> "On December 28, 1994, SAIF issued a denial of claimant's claim on the basis that she was not in the course and scope of her employment at the time of her injury."

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services[.]" ORS 656.005(7)(a). The Supreme Court

has established a unitary test to determine whether an injury is compensable, which considers both whether the injury arose out of claimant's employment and whether it occurred in the course of it. *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). Neither factor is dispositive. *Id.* Here, although the Board concluded that claimant's injury occurred in the course of her employment,[1] it concluded that claimant's injury was not compensable because it did not arise out of her employment.

■      The "requirement that the injury 'arise out of' the employment tests the causal connection between the injury and the employment." *Norpac Foods, Inc.*, 318 Or at 366. In reaching its conclusion, the Board stated that "[i]n a 'parking lot' case, that causal connection exists when the claimant's injury is brought about by a condition or hazard associated with premises over which the employer exercises some control." Because it concluded that claimant's injury arose from a hazard, the van, over which the employer had no control, it concluded that claimant's injury was not compensable.

Since the Board's decision, we have held that the compensability of injuries sustained in an employer's parking lot does not turn only on the control exercised by the employer over the condition or hazard that caused the injuries. *SAIF v. Marin*, 139 Or App 518, 913 P2d 336, *rev den* 323 Or 535 (1996). In *Marin*, the claimant was injured while he was standing in the parking lot provided for employees by his employer. *Id.* at 520. The claimant's truck had a dead battery and his supervisor had agreed to help him "jump-start" it. The supervisor's wife was moving her car closer to the claimant's truck for that purpose when her car "struck a flower box, which in turn was pushed into [the] claimant, squeezing him against his truck" and injuring him. "The employer had built the flower box that struck [the] claimant." *Id.* Citing the "parking lot" standard, the Board concluded that the claimant's injury arose out of his employment

---

[1] The Board concluded, and employer concedes, that the "in the course of employment" component is satisfied by the "parking lot rule," "which provides that injuries that occur on the employer's premises while the claimant is proceeding to or from work are 'in the course of employment.'" *SAIF v. Marin*, 139 Or App 518, 520, 913 P2d 336, *rev den* 323 Or 535 (1996). Thus, we do not address that issue on review.

because the employer controlled the flower box that had injured him. We reversed, explaining that

> "the Board improperly focused only on the fact that [the] claimant was injured by an instrumentality over which the employer had control. Instead, *the Board should have considered whether the totality of the events that gave rise to [the] claimant's injury was causally related to his employment.*"

*Id.* at 522 (emphasis supplied). Applying that standard, we concluded that the claimant's employment did not place him in a position to be injured by the flower box; hence, his injury did not arise out of his employment.

■    Employer argues that *Marin* is inapposite to this case because

> "[t]hat case turned not on whether the employer controlled the mechanism of injury, but on whether the flower box, in its inert state, created a risk connected to employment. Here, claimant failed to prove the coworker's rear view mirror was within the employer's control."

Employer misses the central point of *Marin*: under the "arising out of" standard outlined in *Norpac Foods, Inc.*, the Board should not focus on individual factors, like control, but rather on "the totality of the events that gave rise to [the] claimant's injury." *Marin*, 139 Or App at 522.

■    Here, as in *Marin*, the Board improperly focused on whether the employer controlled the instrumentality that caused claimant's injury. The proper focus is on whether claimant's injury, which was caused when her head struck an object in her employer's parking lot while she was taking school materials from her car to her classroom, is causally connected with her employment.[2] If the Board concludes that it is, then claimant's injury is compensable.

Reversed and remanded for reconsideration.

---

[2] If claimant had tripped over a student's backpack and been injured while entering the school building that morning, the injury presumably would have been compensable as one that arose from claimant's employment even though the employer did not control the backpack that caused the injury. It is unclear whether the circumstances of claimant's injury in the parking lot are legally distinguishable from those of the hypothetical injury involving the backpack. The issue is one for the Board to address in the first instance. *See generally Kammerer v. United Parcel Service*, 136 Or App 200, 901 P2d 860 (1995).