Argued and submitted April 18, affirmed May 9, 2001

In the Matter of the Compensation of
Paul E. Clark, Claimant.

Paul E. CLARK,
*Petitioner,*

*v.*

GRINNELL FIRE PROTECTION,
*Respondent.*

99-02738; A110410

23 P3d 435

Kevin Keaney argued the cause and filed the brief for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board) upholding employer's denial of his claim on the ground that it is not compensable. We affirm.

The Board found the following facts. Claimant installed fire control sprinkler systems for employer. While installing sprinkler systems at Benson High School, claimant obtained permission from the school janitor to use some of the school's tools, including saws used to cut blocking for use in ceilings during the installation process. Employer did not know that claimant was using Benson High School's equipment.

Claimant took a lunch break in the school shop. He noticed that one of the table saws had a dado blade on it. A "dado" blade is a type of saw blade that is typically used in cabinet making and is designed to cut channels of various widths in wood. Claimant had never used a dado blade before, but he thought that one might be useful for a cabinet-making project that he had started at home. He decided to test the dado blade, and, if it seemed to do the job that he needed, he would ask the janitor for permission to bring in his cabinets from home and work on them in the shop.

After he finished his lunch, but before returning to his work activities, claimant took a block of wood and attempted to make an experimental cut with the dado blade. In the process, he severely injured his left hand. He sought medical treatment and filed a claim with employer, which employer denied.

At the hearing, the principal issue was whether claimant's injury arose out of and in the course of his employment. Claimant argued that his claim was controlled by our opinion in *Freightliner Corporation v. Arnold*, 142 Or App 98, 919 P2d 1192 (1996), in which the claimant was injured while using his employer's equipment on a personal errand of a type typically performed on the job with the employer's permission. Employer argued that the case is distinguishable because, among other things, the employer in this case did not know about, much less authorize, claimant's use of a client's equipment for a personal errand. The administrative

law judge (ALJ) upheld employer's denial, concluding that the claim did not meet the unitary work connection requirements of *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 867 P2d 1373 (1994). The ALJ concluded that our decision in *Arnold* was distinguishable:

"This injury occurred on a job site, but not on the employer's premises. The injury was caused by equipment belonging to a client, not to the employer or, for that matter, any other contractor at the job site. The employer had no control over the equipment nor did it specifically authorize its use. Even if it can be said that the employer probably should have known that its employees would occasionally use the equipment of other trades during the course of their employment, there is no suggestion from the record that the employer could or should have known that its employees would use tools belonging to a client for an activity that bore no relationship to any task necessary to completing the job.

"As was true in *Arnold*, claimant's activity at the time of the injury was purely personal, however, unlike in *Arnold*, claimant [in this case] was using a tool that was not necessary to perform his work. There is no evidence in this case that there was a practice of allowing employees to engage in personal projects. And, of course, there was no specific acquiescence in the particular task that claimant engaged in this case, whereas there was in *Arnold*. In addition, claimant was at the end of his unpaid lunch break and essentially on his own time when the injury occurred."

The Board adopted the ALJ's opinion.

On review, claimant argues that the Board erred, because this case is indistinguishable from *Arnold*. According to claimant, both *Arnold* and this case involve injuries that occurred during a personal errand. Moreover, he argues, although employer in this case did not expressly sanction the use of a client's equipment on the job, it had to know that claimant would do so, because employer failed to provide him with all the necessary equipment—such as saws—to perform his work.

Claimant reads *Arnold* too broadly. As the Board correctly explained, although the claimant in *Arnold* was injured on a personal errand, the injury occurred by means of the use of the employer's equipment, during work hours, in

accordance with an employer policy permitting employees to use work equipment for personal errands. In this case, claimant used Benson High School's equipment, not employer's. Moreover, he used the equipment on his own time, without the knowledge of employer, much less in accordance with an employer policy permitting such activity. We conclude that the Board did not err in concluding that claimant's injury neither arose out of nor occurred in the course of employment.

Affirmed.