Argued and submitted June 16, affirmed September 15, petition for review denied
December 21, 2004 (337 Or 669)

In the Matter of the Compensation of
Wylie Compton, Claimant, Deceased.

Jacqueline COMPTON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Seaside Lodge,
*Respondents.*

01-07847; A121303

97 P3d 669

Joseph DiBartolomeo argued the cause and filed the opening brief for petitioner. With him on the reply brief was Lavis & DiBartolomeo, P.C.

Jerome P. Larkin argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Claimant[1] injured his knee when he fell on a public sidewalk outside the perimeter of his employer's premises on his way to work. The Workers' Compensation Board concluded that the injury was not compensable because it did not arise out of and in the course of employment. ORS 656.005(7)(a). We affirm.

We take the following facts from the administrative law judge's (ALJ) findings, as modified by the board, and the record. Claimant worked for employer, a fraternal organization, as a bartender. On July 5, 2001, claimant took a cab to work. The street on the south side of employer's building was congested with traffic, and the cab pulled into the parking lot of a restaurant, which is to the east of the building's parking lot. Claimant got out of the cab through the passenger-side door of the back seat. He walked behind the cab and out of the parking lot. Claimant rounded a corner from the restaurant parking lot onto a public sidewalk that runs along the south side of employer's parking lot and building. Claimant walked several steps up the sidewalk toward the lodge. He reached at least the second expansion joint counting from the parking-lot corner. He then fell down on the sidewalk. There was no hazard or defect in the sidewalk. As a result of the fall, claimant suffered a fractured knee.

SAIF, employer's insurer, denied the claim. The ALJ determined that the injury was not compensable because it did not arise out of claimant's employment. The board affirmed, albeit using somewhat different reasoning. The board concluded that the claim was not compensable because the injury did not occur in the course of claimant's employment and that it "did not arise out of a risk of the employment[.]" Claimant seeks judicial review of the board's order.

 To be compensable, an injury must "arise[ ] out of and in the course of employment." ORS 656.005(7)(a). The Supreme Court has said that the "arising out of" and "in the course of" tests are two prongs of a single inquiry: whether

---

[1] Claimant died of unrelated causes, and his wife carried out the claim. We refer to her throughout the opinion as claimant.

the relationship between the injury and the employment is sufficient that the injury should be compensable. *Rogers v. SAIF*, 289 Or 633, 642, 616 P2d 485 (1980); *see also Robinson v. Nabisco, Inc.*, 331 Or 178, 185, 11 P3d 1286 (2000) (describing those tandem requirements as the "unitary 'work-connection' inquiry"). An injury occurs in the course of employment if "the time, place, and circumstances of the injury justify connecting the injury to the employment." *Id.* at 186. An injury arises out of employment where "some causal link" exists between the injury and the employment. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 525-26, 919 P2d 465 (1996). That link exists if employment exposes the worker to some risk from which the injury originates. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 601, 943 P2d 197 (1997). To meet the unitary work-connection test, an injury must, to some degree, meet both parts, *Krushwitz*, 323 Or at 531, but "the work-connection test may be satisfied if the factors supporting one prong are minimal while the factors supporting the other prong are many." *Id.* (citing *Phil A. Livesley Co. v. Russ*, 296 Or 25, 28, 672 P2d 337 (1983)). The Supreme Court, however, has cautioned that,

> "although the 'arising out of' and 'in the course of' prongs provide guidance, the unitary work-connection test does not supply a mechanical formula for determining whether an injury is compensable. We evaluate those factors in each case to determine whether the circumstances of a claimant's injuries are sufficiently connected to employment to be compensable."

*Robinson*, 331 Or at 185.

Injuries sustained while an employee is going to and coming from the employee's regular place of employment generally are not considered to have occurred in the course of employment. *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). One exception to the "going and coming" rule is the "parking lot" rule: An injury sustained on an employer's premises while an employee is proceeding to or from work is considered to have occurred in the course of employment. *Id.* at 366-67. The parking lot exception applies to any area over which an employer exercises some control. *See Cope v. West American Ins. Co.*, 309 Or 232, 239, 785 P2d 1050 (1990) ("[W]hen an employee traveling to or from work

sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained."); *see also Hearthstone Manor v. Stuart*, 192 Or App 153, 157, 84 P3d 208 (2004); *McTaggart v. Time Warner Cable*, 170 Or App 491, 496, 16 P3d 1154 (2000), *rev den*, 331 Or 633 (2001) ("[I]t is possible to satisfy the 'occurring in the course of employment' prong when the employer has some control over the area where the injury is sustained, even if the area is not a parking lot.").

■ The board concluded that claimant's injury did not fall within the parking lot exception to the "going and coming" rule, based on the following reasoning:

> "[T]here is no evidence that the employer ever maintained the public sidewalk where claimant fell, it excluded no one from the sidewalk, and it exercised no control whatsoever over the area. Thus, although a municipal ordinance assigned some responsibility for maintaining the injury site[ ], * * * we conclude that there is no evidence of 'employer control' over the injury site here and *McTaggart* is distinguishable on its material facts. Under these circumstances, we conclude that the 'going and coming' rule applies (without exception) and claimant's injury on the way to work did not occur in the course of his employment."

We review the board's conclusion as a matter of law, *Henderson v. S.D. Deacon Corp.*, 127 Or App 333, 337, 874 P2d 76 (1994), and agree that claimant's injury did not occur in the course of employment. It is true, as claimant asserts, that, at the time of his fall, a Seaside municipal ordinance provided that it was

> "the duty of all owners of land adjoining any street or road in Seaside to reconstruct, repair and maintain in good order, the sidewalks in front of their land."

Seaside General Regulation § 38. Moreover, we have said that the parking lot exception might apply to an area over which an employer *could* exercise control. *McTaggart*, 170 Or App at 496. Nevertheless, although an obligation to maintain a public sidewalk in good order shows a right of control, such control is limited by its terms to keeping the sidewalk in a

specified condition. *Cf. Hearthstone Manor*, 192 Or App at 158 (claimant fell on sidewalk located on employer's premises over which employer had actual control); *McTaggart*, 170 Or App at 493-94 (claimant fell on public way that employer actually controlled by performing routine maintenance and excluding others from use).

Here, the board expressly found that there was no hazard that would have triggered employer's obligation to exercise control of the public sidewalk by performing maintenance or repairs. Further, there is no evidence that employer ever exercised control over the sidewalk. Neither the Supreme Court nor this court has extended the parking lot exception to circumstances such as the ones existing here. *Cf. Cope*, 309 Or at 240 ("When an employee is injured on a public sidewalk over which the employer has no control, and on which there are no employer-created hazards, the connection between the injury and the employment is insufficient to make the injury compensable."). We conclude that, in the absence of a connection between claimant's injury and employer's duty to maintain the public sidewalk in good order, employer's limited right of control over the condition of the sidewalk was insufficient to bring the sidewalk within the purview of the parking lot exception to the going and coming rule. *Cf. Montgomery Ward v. Malinen*, 71 Or App 457, 692 P2d 694 (1984) (claimant's injury occurred in course of employment when she fell on icy public sidewalk that employer was required to maintain).

Therefore, we conclude that claimant's injury did not occur in the course of his employment. For that reason, we need not address the board's conclusion that claimant's injury also did not arise out of his employment.

Affirmed.