Argued and submitted November 18, 2020, affirmed July 21, 2021

In the Matter of the Compensation of
Cassandra Sumner, Claimant.
SAIF CORPORATION
and Cooper Hollow Residential Services,
*Petitioners,*

*v.*

Cassandra SUMNER,
*Respondent.*

Workers' Compensation Board
1800863; A171463

495 P3d 205

SAIF Corporation and employer, Cooper Hollow Residential Services, seek review of an order of the Workers' Compensation Board, contending that the board erred in determining that claimant's injury arose out of and occurred during the course and scope of her employment. *Held*: Claimant, who works for employer as a project manager for a residence for disabled adults and is regularly on call, was injured in a car accident while driving to meet her supervisor with cash so that he could buy pizzas for employer's holiday party. Although, at the time of the accident, claimant had taken the day off and was on her way to do some holiday shopping, substantial evidence supports the board's determination that the intended employment detour to drop off cash with her supervisor brought claimant within the course and scope of her employment. Substantial evidence also supports the board's finding that, at the time of the injury, claimant was on an errand that was "within the reasonable bounds of her employment as a project manager," and, therefore, the board's conclusion that the risk of injury during that task was a risk of her employment.

Affirmed.

Beth Cupani argued the cause and filed the briefs for petitioners.

R. Adian Martin argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

ARMSTRONG, P. J.

Affirmed.

## ARMSTRONG, P. J.

SAIF Corporation and employer Cooper Hollow Residential Services seek review of an order of the Workers' Compensation Board, contending that the board erred in determining that claimant's injury arose out of and occurred during course and scope of her employment. We conclude that the board did not err and therefore affirm.

Employer manages homes for disabled adults. Claimant works as a program manager for employer, managing two homes in Monmouth, Oregon. Her duties include scheduling and coordinating staffing, training staff, budgeting, and ensuring compliance with state and federal law. Claimant's two homes in Monmouth are located about a mile apart, and claimant drives between them. Claimant's normal work hours are from 8:00 a.m. to 4:00 p.m., Monday through Friday, but she is on call for emergencies or licensing visits or inspections, leading to overtime hours. Claimant is allowed to "flex" her hours, meaning that she can take time off with permission if she has previously worked overtime.

On the day of her injury, claimant had permission to use flex time to have the day off for some holiday shopping. But that morning, claimant received a text from her supervisor asking her to come to employer's main office in Dallas to help wrap gifts for employer's holiday party. Claimant agreed and spent about an hour at the Dallas office wrapping gifts. Claimant's supervisor also came to the office while claimant was there, then drove to McMinnville to check on a residence. He intended to then drive to West Salem to buy some pizzas for the holiday party.

After wrapping gifts, claimant left the office to resume her errands. While en route to Salem, claimant received a cellphone call from a coworker asking if she could meet the supervisor in Rickreall on her way to Salem and give him petty cash for the pizzas. Claimant agreed, but, because she had already left Dallas, she decided not to return to the office for petty cash and planned instead to give the supervisor her own cash for the pizzas and then seek reimbursement. The board found that the practice of using one's own cash to purchase work necessities was not encouraged by employer but also was not forbidden, and

claimant often spent personal funds on residents' needs and then requested reimbursement.

The accident occurred when claimant was driving east of Dallas on Ellendale Road toward Rickreall and Salem. Before the exit to Rickreall, a utility vehicle merged onto Ellendale Road from Fir Villa Road and struck claimant's car on the passenger side, pushing it into a third vehicle. Claimant suffered a low back injury as a result of the accident and filed a claim, which SAIF denied on the ground that the injury did not arise out of and in the course of claimant's employment. Claimant requested a hearing.

An injury is compensable if it "arise[s] out of" and occurs "in the course of employment." ORS 656.005(7)(a). The "arising out of" prong requires a causal link between the worker's injury and his or her employment. *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 525-26, 919 P2d 465 (1996); *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). The "in the course of" prong concerns the time, place, and circumstances of the injury. *Krushwitz*, 323 Or at 526; *Norpac*, 318 Or at 366. The two prongs are parts of a single "work-connection" inquiry, that is, whether the relationship between the injury and the employment is sufficient that the injury should be compensable. *Krushwitz*, 323 Or at 526; *Norpac*, 318 Or at 366. Both prongs must be satisfied to some degree, and neither is dispositive. *Krushwitz*, 323 Or at 531; *Norpac*, 318 Or at 366. The work-connection test may be satisfied if the factors supporting one prong of the statutory test are minimal while the factors supporting the other prong are substantial. *Krushwitz*, 323 Or at 531 (citing *Phil A. Livesley Co. v. Russ*, 296 Or 25, 28, 672 P2d 337 (1983)). Together, the "arising out of" and "in the course of" prongs provide an analytical tool for determining whether the causal connection between the injury and the employment is sufficient to warrant compensation. *Andrews v. Tektronix, Inc.*, 323 Or 154, 161-62, 915 P2d 972 (1996).

An administrative law judge (ALJ) upheld SAIF's denial of claimant's claim, but the board reversed the ALJ's order. In determining that claimant's injury arose out of and occurred in the course of her employment, the board cited claimant's on-call status. The board found

that claimant's work duties were not limited to her regular working hours and included completing special tasks or errands for employer. The board also found that, in assisting a coworker, claimant was complying with employer's encouragement that an employee be a "team player." Thus, although claimant was not scheduled to work on the date of injury and had not been directed by employer to bring money to her supervisor, the board concluded that claimant was within the reasonable bounds of her employment at the time of the injury, that claimant's work exposed her to the risk of being injured during an errand, and that the injury arose out of and in the course of claimant's employment.

SAIF and employer seek judicial review, contending that the board erred. We review the board's conclusion that claimant's injury arose out of and was within the course and scope of her employment for legal error. ORS 183.482(8); *Compton v. SAIF Corp.*, 195 Or App 329, 333, 97 P3d 669, *rev den*, 337 Or 669 (2004). We review the board's findings for substantial evidence and substantial reason. ORS 656.298(7); ORS 183.482(8)(c).

To determine whether an injury occurs "in the course of" employment, the court determines if the time, place, and circumstances of the injury justify connecting the injury to the employment. *Robinson v. Nabisco, Inc.,* 331 Or 178, 186, 11 P3d 1286 (2000). An injury takes place in the course of employment if it occurs "while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it." *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 598, 943 P2d 197 (1997).

SAIF contends that claimant was not in the course of her employment at the time of the accident, because she was on a personal errand and not working or at a place where she was expected to be at the time of the injury.

Claimant responds that, in light of her on-call status and employer's encouragement of teamwork, at the moment that claimant agreed to the co-worker's request to deliver cash to the supervisor, she was engaged in a task for employer that brought her within the course of her employment.

SAIF replies that delivering her own money to the supervisor was not within claimant's job, because employer had not directed her to undertake it. Further, SAIF contends that the errand was of no benefit to employer, who had not requested money from claimant and whose policy did not authorize employees to take direction from coworkers or to use their own money for work-related expenses. *See SAIF v. Fortson*, 155 Or App 586, 592, 964 P2d 293 (1998) (explaining that "[w]e have in the past considered the benefit to the employer of the conduct that injured the claimant when evaluating whether the injury was connected with work" but adding that that determination is not dispositive). Indeed, employer notes, when the supervisor came to the location of the accident, he declined to accept claimant's money for the pizza and instead went to the office for petty cash.

We agree with the board's conclusion that claimant was in the course of her employment. Claimant's task—delivering cash to her supervisor—was clearly work-related. The board found that, although employer did not favor employees spending their own money for work, employer did not have a rule prohibiting employees from using their own money and was even aware that the conduct occurred occasionally. That finding is supported by substantial evidence. And, as claimant correctly notes, the fact that the task had not been requested—or may even have been prohibited—does not necessarily take it outside the course of employment, if it was the type of activity that can be understood to be connected to the employment. *See Andrews*, 323 Or at 165 (an employee's violation of an employment rule does not render the claim noncompensable). As we held in *SAIF v. Scardi*, 218 Or App 403, 411, 180 P3d 56, *rev den*, 345 Or 175 (2008), an activity need not be directed by an employer for it to be work related. Nor is it required that the employee be compensated for engaging in the activity. *See, e.g., Iliaifar v. SAIF*, 160 Or App 116, 122, 981 P2d 353 (1999) (injury occurred in the course of employment even though claimant was off work and unpaid at the time of the injury). Injuries can be work related even if they occur in the performance of duties that are off the employer's premises and not within the claimant's typical job duties. *Id.*

Thus, although claimant's supervisor had not asked her to bring him cash—and likely would not have authorized her to use her own money—at the time of the injury, claimant was on an errand that was of a type that would be undertaken within her job and that was work related. Indeed, although it was to be her day off, claimant had earlier responded to the supervisor's request to come to the office to wrap holiday gifts. And the evidence supports the board's finding that helping a coworker with a work-related task was encouraged by employer. The fact that claimant was driving on the same road as her personal trip at the time of the accident does not detract from the work-related nature of the errand, which brought her within the course of her employment.

We also conclude that substantial evidence supports the board's determination that claimant's injury arose out of claimant's employment. A worker's injury arises out of the employment if it originates from a risk to which the work exposes the worker. *Legacy Health Systems v. Noble*, 250 Or App 596, 600-01, 283 P3d 924 (2012). Employer contends that, because claimant had not yet altered her route to drive to Rickreall at the time of the accident, the injury did not originate from a risk of her employment. However, although claimant was on the same road at the time of the accident, she had interrupted her personal trip for employer's errand. The board found that, at the time of the injury, claimant was on an errand that was "within the reasonable bounds of her employment as a project manager," and, thus, the risk of injury during that task was a risk of her employment. That finding is supported by substantial evidence and substantial reason. We therefore affirm the board's order that claimant's claim is compensable.

Affirmed.