Argued and submitted April 19, reversed and remanded December 15, 2021

In the Matter of the Compensation of
Charles E. Davis, Claimant.

Charles E. DAVIS,
*Petitioner,*

*v.*

SAIF CORPORATION
and James L. Lebold - The Cueball,
*Respondents.*

Workers' Compensation Board
1802374; A173131

503 P3d 485

Claimant, who was off duty as the manager of a pool hall, seeks review of an order of the Workers' Compensation Board concluding that injuries he sustained in removing a troublesome person from the pool hall, after being asked to do so by the manager then on duty, did not occur in the course of claimant's employment. *Held*: The activity of removing troublesome people from the pool hall was a regular part of claimant's job, and he had been asked by the manager then on duty to carry out that task for employer's benefit. The activity therefore came within the course of claimant's employment, even though he was not then on the job. The board therefore erred in rejecting the claim.

Reversed and remanded.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Beth Cupani argued the cause and filed the brief for responudents.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

Claimant, a manager at a pool hall, was off duty and came to the pool hall to shoot some pool. The manager on duty asked claimant to eject a troublesome person who was bothering customers, and claimant did so by "verbally" pushing the person out the door. On the sidewalk in front of the pool hall, claimant flicked a cigarette out of the person's hand and pushed him, and the person punched claimant in the face, causing injury. Claimant sought compensation for his injuries, and SAIF denied the claim. Claimant seeks judicial review of an order of the Workers' Compensation Board upholding SAIF's denial after concluding that claimant's injury did not occur in the course of his employment. The relevant facts are undisputed; thus, we review the board's determination for errors of law. ORS 656.298(7); ORS 183.482(8); *American Medical Response v. Gaylick*, 189 Or App 294, 298-99, 76 P3d 117 (2003), *rev den*, 336 Or 376, (2004). We conclude that, on the facts found by the board, the board's conclusion that claimant's injuries did not occur in the course of his employment is incorrect as a matter of law. Accordingly, we reverse the board's order and remand.

To determine whether an injury occurs "in the course of" employment, the court determines if the time, place, and circumstances of the injury justify connecting the injury to the employment. *Robinson v. Nabisco, Inc.*, 331 Or 178, 186, 11 P3d 1286 (2000). An injury takes place in the course of employment if it occurs "while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it." *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 598, 943 P2d 197 (1997).

Claimant testified that, as a manager, removing people who are disturbing other customers was a part of his job, and that he regularly removed people from the premises and from the sidewalk in front of the premises and the parking lot. Employer's owner testified that claimant's duties as a manager included making troublesome people leave, but that he had never asked claimant to use force. The board acknowledged that removing the troublesome person who injured claimant was reasonably within the range of claimant's regular work duties, and that claimant "arguably" was

performing a work-related task in ejecting the troublesome person. But the board held that claimant's injury did not occur in the course of his employment because claimant was not on duty or being paid, the injury occurred off of employer's premises, and claimant "exceeded the bounds" of his employment by using force.[1]

On judicial review, claimant contends that, because the activity of removing troublesome people from the pool hall was a regular part of his job, and he had been asked by the manager to carry out that task, the activity came within the course of his employment even though he was not then on the job. He contends, additionally, that the facts that the activity took him outside of the pool hall premises and that he may have violated employer's policy by using force did not remove the activity from the course of his employment.

We agree with claimant. As we held in *SAIF v. Scardi*, 218 Or App 403, 411, 180 P3d 56, *rev den*, 345 Or 175 (2008), an activity need not be directed by an employer for it to be work related. Nor is it required that the employee be compensated for engaging in the activity. *See, e.g.*, *Iliaifar v. SAIF*, 160 Or App 116, 981 P2d 353 (1999) (injury occurred in the course of employment even though claimant was off work and unpaid at the time of the injury).

The evidence was undisputed that the task of removing troublesome people was part of claimant's job as a manager and that claimant had been asked by the manager on duty to remove the troublesome person. Claimant engaged in that task for employer's benefit. Those facts brought the task within the course and scope of claimant's employment even though claimant was not on the job at the time. *See SAIF v. Sumner*, 313 Or App 434, 495 P3d 205 (2021) (task requested by coworker of delivering petty cash to supervisor while claimant was off work but on call was within the course of claimant's employment). Claimant's chosen method of carrying out that task, by pursuing the person outside

---

[1] The board found that evidence that claimant's injury arose out of his employment was "weak at best," because, although the act of ejecting the person was within the range of claimant's work activities, claimant's duties did not extend to the sidewalk, and claimant's conduct in flicking the person's cigarette and pushing the person did not serve employer's interests.

and using physical force, did not deprive the task of a work connection or remove the activity from the course of claimant's employment. *See Iliaifar*, 160 Or App at 122 (injuries can be work related even if they occur in the performance of duties that are off the employer's premises and not within the claimant's typical job duties); *Andrews v. Tektronix, Inc.*, 323 Or 154, 162-63, 915 P2d 972 (1996) (in light of no-fault nature of workers' compensation law, misconduct on the job relating to the method of accomplishing the work task does not take task beyond the course of employment).

We conclude, further, that in light of our conclusion that claimant was in the course of his employment in removing the person, the risk of claimant being injured while removing a person was a risk of claimant's employment. *See Fred Meyer*, 325 Or at 601 ("[A] worker's injury is deemed to 'arise out of' employment if the risk of the injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker.").

The board found that claimant's injury occurred as a result of his having provoked an altercation. But because the board concluded that claimant's injury did not occur in the course of his employment and was not compensable for that reason, the board did not address SAIF's contention that the claim was barred by ORS 656.005(7)(b)(A), which excludes from the definition of "compensable injury" injuries sustained by an active participant in an assault or combat that is not connected to a job assignment. On remand, the board will have an opportunity to address that issue.

Reversed and remanded.