356 December 31, 2025 No. 1164

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Dency Mamuyac, Claimant.

Dency MAMUYAC,
*Petitioner,*

*v.*

COLUMBIA SPORTSWEAR,
*Respondent.*

Workers' Compensation Board
2205144;
A185382

Argued and submitted November 5, 2025.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was the Law Offices of Jodie Anne Phillips Polich, P.C.

Rebecca Watkins argued the cause for respondent. Also on the brief were Dee Akinbosade and SBH Legal.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Claimant petitions for judicial review of a final order by the Workers' Compensation Board (Board).[1] Claimant raises two contentions: (1) the Board erred by analyzing the claim as an occupational disease rather than as an injury because the employer filed Form 1502, in which it designated the claim as an injury and that designation bound the parties, the Board, and now us to that theory of liability; and (2) substantial evidence does not support the Board's decision to analyze his condition as an occupational disease, rather than as an injury. We affirm.

In an opinion also issued this date, we rejected the argument that Form 1502 binds the Board to a particular legal framework, *Robey v. Weir Esco*, 346 Or App 208, ___ P3d ___ (Dec 31, 2025), and for the reasons set forth in that opinion, we reject claimant's identical argument here.

We turn to the question whether the Board applied the correct legal standard, *i.e.*, that claimant's injuries should be assessed under the occupational disease standard, rather than as an injury. We review the Board's factual determinations for substantial evidence, which includes substantial reasoning. ORS 183.482(8)(c); *Compton v. SAIF*, 195 Or App 329, 333, 97 P3d 669, *rev den*, 337 Or 669 (2004); *see also Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990) (substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding).

The Board concluded that claimant's condition arose over time and analyzed it as an occupational disease. *See generally James v. SAIF*, 290 Or 343, 348, 614 P2d 565 (1981) ("What set[s] occupational diseases apart from accidental injuries [is] both the fact that they can[not] honestly be said to be unexpected, since they [are] recognized as an inherent hazard of continued exposure to conditions of the particular employment, and the fact that they [are] gradual rather than sudden in onset." (Brackets in original; internal citations omitted.)). That conclusion is supported by substantial evidence. In particular, both physicians who

---

[1] The ALJ issued its opinion and order, which the Board then adopted in full.

examined claimant concluded that he suffered adhesive capsulitis, which in their view was a condition that gradually developed over time and was caused by his diabetes; indeed, there was "no contrary medical opinion." Therefore, the Board did not err in analyzing claimant's condition as an occupational disease rather than as an injury.

Affirmed.