Argued and submitted November 2, 1987, affirmed February 10, 1988

In the Matter of the Compensation of
Dwayne L. Varner, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Petitioners,*

*v.*

VARNER,
*Respondent.*

(WCB 85-12134; CA A42724)

749 P2d 606

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Employer seeks review of a decision of the Workers' Compensation Board determining that claimant's stress-related mental condition is compensable. We affirm.

Claimant began to experience symptoms of stress after he was disciplined in his employment and demoted. Employer relies on *Elwood v. SAIF,* 298 Or 429, 693 P2d 641 (1985), to support its argument that stress which arises out of legitimate and fairly imposed discipline should not be compensable as a matter of law. The Supreme Court held that the legislature did not intend to make illness from losing a job a compensable risk of the job. 298 Or at 433. The court distinguished between the stress of actual or anticipated unemployment, which it held is not compensable, and the stress resulting from the circumstances and manner of discharge, which it held "can be regarded as events still intrinsic to the employment relationship before termination and can lead to compensation." As the court undoubtedly perceived, it would be ironic to compensate an individual for an illness caused by the severance of the employment relationship when it is the existence of the employment which gives rise to the right to compensation in the first place.

■■ In our view, employe discipline is distinguishable from discharge in that employe discipline is intrinsic to the employment relationship and presumably is imposed with the goal of improving performance. The court stated in *Elwood:*

> "If an employe is demoted and develops a mental illness as a result of the events of the demotion or the changed status or assignment, it would be difficult to argue that the illness was not 'work connected' * * *." 298 Or at 433.

We conclude that, if claimant's discipline was objectively stressful, it could give rise to a claim for a stress-related occupational disease.

The medical evidence shows that claimant has a preexisting psychological problem that predisposed him to stress-related mental illness. In Dr. Holland's opinion, the disciplinary activities resulted in a temporary aggravation of that preexisting condition, but did not worsen the underlying condition. In Dr. Henderson's opinion, claimant's preexisting disorder "materially worsened" as a result of vocational stress.

The Board held that our opinion in *Adsitt v. Clairmont Water District,* 79 Or App 1, 717 P2d 1231, *rev den* 301 Or 338, 301 Or 666 (1986), requires as a matter of law that claimant's worsened symptoms be considered a worsening of the underlying psychological condition and that the claim is therefore compensable. *See Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). In *Adsitt,* we expressed our dissatisfaction with the adequacy of the legal terminology used to evaluate a stress-related occupational disease claim based on a worsening of a condition which preexisted the employment. We concluded:

> "Although there may be a distinction in a physical disease between an increase in symptoms and a worsening of the underlying condition, nothing in the record suggests a physical component to claimant's problems. We can find no basis for a distinction between the symptoms of a mental disorder and the disorder itself; if the symptoms are worse, the disorder has necessarily worsened, at least until the symptoms abate. The exacerbation of claimant's condition therefore constituted a worsening of her disease." 79 Or App at 7. (Citation omitted.)

Our dissatisfaction with the legal distinction between "symptoms" and "conditions" in the mental illness context persists. Although we recognize that questions of medical causation are not to be decided as a matter of law but must be based on the medical evidence, *Bales v. SAIF,* 294 Or 224, 235, 656 P2d 300 (1982), we stand by our holding in *Adsitt* that, in the absence of a satisfactory medical explanation of a distinction between symptoms and the condition, the symptoms are the condition. Here, although Holland ventured a distinction between an underlying disorder and its symptoms,[1] the explanation is not satisfactory. On *de novo* review, we affirm the Board's decision that claimant's condition is compensable.

Affirmed.

---

[1] Holland reported:

"The question you ask [whether claimant's symptoms represent a worsening of the underlying condition] is extremely difficult to answer since there are no objective criteria of psychiatric illness by which to judge the worsening of an underlying condition. Psychiatric disorders are made up primarily of clinically significant behavioral or psychological syndromes or patterns that occur in an individual, and are typically associated with a painful symptom or impairment in one or more areas of functioning."