In the Matter of the Compensation of
Robert H. Anderson, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Petitioners,*

*v.*

ANDERSON,
*Respondent.*

(WCB 85-15825; CA A42722)

764 P2d 924

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner, and Malagon & Moore, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

SAIF seeks review of a decision by the Workers' Compensation Board that claimant's stress-related psychological condition is compensable.

Claimant is a 38-year-old policeman employed by the city of Lebanon since 1978. Throughout his employment, he has been the subject of poor performance evaluations and disciplinary measures. The incidents are too numerous to recite here. They run from citizen complaints regarding claimant's lack of tact to an off-duty appearance at a New Year's Eve Party where minors were served alcohol. In addition, he has been the target of numerous allegations that he has misused sick time and conducted personal errands during times when he was on patrol.

Dr. Holland, a psychologist, conducted an evaluation of claimant's employment record. He reported that the files included reports of 33 off-the-job injuries and non-job related illnesses, 13 on-the-job injuries and attendant compensation claims, at least 17 written notifications of unacceptable job performance, four special investigations into his conduct and at least 12 incidents of significant discrepancies between his description of events and the descriptions of others. The referee provided a summary of claimant's work performance and consequent relationship with employer:

> "Claimant has been reprimanded or written up about 30 times. He denies the legitimacy of any complaint which was not fully documented to *his* satisfaction. On several occasions he has compounded the initial problem by 'asserting his rights' and filing a union grievance. Between claimant's conduct, the efforts at supervision, the union grievances, and claimant's numerous on and off job injuries, claimant can hardly be said to be a model officer. It is surprising under these circumstances that the department was able to get any work out of claimant at all."

The most recent disciplinary incident occurred on December 2, 1985. Claimant, his wife and his 22-year-old girlfriend were involved in a violent domestic fight in front of claimant's home. A neighbor observed the incident and reported that the two women began fighting and that claimant struck his wife several times in the face and stomach while trying to separate them. Claimant's wife subsequently denied

being assaulted by him. He was suspended with pay pending an investigation of the incident. He filed this stress-related disability claim shortly thereafter. Insurer denied the claim, but the referee held the claim compensable and the Board affirmed. Claimant was eventually terminated. Our review is *de novo,* and we affirm.

SAIF did not assign as error the finding by the Board that claimant's disability is stress-related and that the work environment was the major contributing cause of the stress. SAIF does argue that stress caused by ordinary and justified disciplinary actions is not the type of work activity which produces a compensable result. A similar argument was advanced and rejected in *SAIF v. Varner,* 89 Or App 421, 749 P2d 606 (1988), where we concluded that if the discipline was objectively stressful, it would support a claim for a stress-related occupational disease. In this case, the disciplinary actions, even though justified, were objectively stressful. SAIF admits that, "[i]f the legislature intended that the type of stress contended in this case does form such a basis, then this claim is compensable, because it was job related."[1] Although we have some hesitancy in concluding that the work-related discipline, although a cause of stress, was the major contributing cause when compared with the events of claimant's personal life, we accept SAIF's concession.

Affirmed.

---

[1] The definition of "occupational disease" was changed in 1987. We apply the prior law to this claim, which arose before the amendment became effective. *See* ORS 656.802(2)(b).