Argued and submitted May 17 at Eastern Oregon University, La Grande, affirmed November 8, 2006

In the Matter of the Compensation of
Daniel G. Sepulveda, Claimant.

COLUMBIA RIVER DAIRY,
*Petitioner,*

*v.*

Daniel G. SEPULVEDA,
*Respondent.*

03-06837; A128649

147 P3d 369

228

David L. Johnstone argued the cause for petitioner. With him on the brief was VavRosky MacColl Olson P.C.

James S. Coon argued the cause for respondent. With him on the brief was Swanson, Thomas & Coon.

Before Edmonds, Presiding Judge, and Ortega, Judge, and Yraguen, Senior Judge.*

YRAGUEN, S. J.

---

* Yraguen, S. J., *vice* Mendiguren, J. pro tempore.

**YRAGUEN, S. J.**

Employer seeks review of a Workers' Compensation Board (board) order affirming an administrative law judge's (ALJ) order awarding compensation for an injury that claimant incurred while at work on employer's dairy farm. We review the board's findings for substantial evidence, ORS 183.482(8)(c), and its conclusions for errors of law, ORS 183.482(8)(a), and affirm.

Claimant's foot was injured when it was run over by a pickup truck driven by claimant's supervisor. The board made these findings:

"Claimant worked on a dairy farm. On June 12, 2003, he was notified by his supervisor that he was to be reprimanded for tardiness the previous day. Prior to being notified of the reprimand, claimant was operating a 'loader' that apparently provided salt for cattle.

"Claimant's supervisor approached claimant in his pickup and informed him of the reprimand. The supervisor exited his pickup to discuss the reprimand with claimant. Following a verbal confrontation, the supervisor returned to his truck and began to back up. Claimant intentionally put his left foot under the left front tire of the pickup. The pickup drove over claimant's left foot, resulting in an injury and need for medical treatment."

The board found that this was the second time that claimant had placed his foot under the tire of the supervisor's pickup truck in attempting to stop him from driving off. The first incident had occurred earlier in the day, when claimant placed his foot under the front tire of the pickup during an argument concerning work duties. The supervisor noticed the foot at that time and inquired, "[W]hat are you doing, do you want me to run over your foot?" In response to the supervisor's inquiry, claimant moved his foot.

The board found that the subject matter of the discussion that caused claimant to place his foot under the tire was claimant's discipline for tardiness, and concluded that, for that reason, the cause of the injury was work-related. Employer seeks review, contending that the board's findings are not supported by substantial evidence and that the board

erred as a matter of law in concluding that claimant's injury arose out of his employment. Although employer argued below that the claimant's injuries arose as a result of a deliberate attempt to produce his own injury, it does not pursue that contention on review.

■■ Only those injuries that occur "in the course of employment" and "arise out of" employment are compensable under the workers' compensation laws. ORS 656.005(7)(a). We view the two prongs of that test as a unitary "work-connectedness" inquiry in determining whether the relationship between the injury and employment is sufficiently close that the injury should be compensable. *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997); *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996). Each prong serves to test a different aspect of the possible work connection. The requirement that the injury occur "in the course of" employment relates to the time, place, and circumstances of the injury. *Krushwitz*, 323 Or at 526. The "arising out of" prong tests the causal relationship between the worker's injury and his or her employment. *Fred Meyer, Inc.*, 325 Or at 596; *Norpac Foods, Inc. v. Gilmore*, 318 Or 363, 366, 867 P2d 1373 (1994). The work connection test may be satisfied if the factors supporting one prong of the statutory test are weak while the factors supporting the other prong are strong. *Redman Industries, Inc. v. Lang*, 326 Or 32, 35, 943 P2d 208 (1997). Both prongs, however, must be satisfied to some degree. *Fred Meyer, Inc.*, 325 Or at 596; *Krushwitz*, 323 Or at 531. Ultimately, those elements merely serve as analytical tools for determining whether the connection between the injury and the employment is sufficient to warrant compensation. *Andrews v. Tektronix, Inc.*, 323 Or 154, 161-62, 915 P2d 972 (1996).

■■ Employer does not dispute the factual circumstances surrounding claimant's injury and concedes that claimant's injury occurred in the course of his employment. It contends, however, that there was no part of claimant's job that placed him at risk for intentionally placing his foot under the tire of a car and that, if proper focus is directed to that conduct, the conclusion must be reached that the injury did not arise out of the employment. "An injury is accidental if the result is an accident, whether or not due to accidental means." ORS

656.005(7)(a). A worker's fault in causing an accidental injury has no place in the Oregon workers' compensation scheme and is irrelevant in determining a worker's entitlement to compensation. *Andrews*, 323 Or at 159-60. As the board found, claimant did not intend to cause himself harm. Thus, claimant's fault, if any, in causing his injury, is of no consequence.

■        "Before an accident can be said to arise out of the employment, the injury must be directly traceable to the nature of the work or to some risk to which the employer's business exposes the employee. The risk must be reasonably incidental to the employment * * *." *Larsen v. State Ind. Acc. Com.*, 135 Or 137, 140, 295 P 195 (1931). In concluding that claimant's injury arose out of his employment, the board focused on the fact that the injury occurred during a conversation with claimant's supervisor about discipline for tardiness. Although claimant's act of placing his foot near the tire in order to prevent his supervisor from driving away was not a specific duty of his employment, because claimant's conduct occurred in the context of employment discipline, we agree with the board that the injury arose out of the employment. As we held in *SAIF v. Varner*, 89 Or App 421, 423, 749 P2d 606 (1988), employee discipline is intrinsic to the employment relationship. The Supreme Court said in *Redman*, 326 Or at 38, that injuries that result from a quarrel, the subject matter of which is related directly to the employment, are compensable. We conclude that, for those reasons, the board did not err in concluding that claimant's injury arose out of a risk associated with his employment.

Affirmed.