Argued and submitted June 26, affirmed November 15, 2012

In the Matter of the Compensation of
Ashley N. Schutz, Claimant.

Ashley N. SCHUTZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and O'Brien Constructors,
*Respondents.*

Workers' Compensation Board
1001509; 148840

291 P3d 761

Brian R. Whitehead argued the cause and filed the briefs for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board in which the board affirmed employer's denial of her claim for workers' compensation benefits. Claimant suffered severe injuries in a car accident while driving home from a restaurant at which she had consumed a considerable amount of alcohol with another employee, whom she regarded as her supervisor. The board concluded that claimant's injuries were noncompensable for several reasons, including that they did not arise out of her employment. We affirm.

We take the following facts from the board's findings, which are supported by substantial evidence. Claimant worked as an office manager for employer, a construction company, beginning around September 2008. She reported to several project managers, primarily Keeley O'Brien, who is the company owner's son. Claimant's work shift typically ended at 5:00 p.m. On several occasions, O'Brien invited claimant to after-work social events that involved drinking alcohol with his friends. Claimant declined the first four or five times because she viewed O'Brien as her supervisor and was uncomfortable going out drinking with her boss. However, claimant felt that, at some point, she would have to accept one of his invitations because she believed that getting along with her boss and being a "team player" was important to advancing in the company.

On December 12, 2008, O'Brien invited claimant to go out for drinks after work with him and two other coworkers. Because the event involved only coworkers, rather than O'Brien's other friends, claimant accepted the invitation. The group arrived at the restaurant at approximately 5:00 p.m. and ordered 24-ounce beers. One of the coworkers left after drinking one beer, and the other left after two or three beers. Claimant drank at least four 24-ounce beers. O'Brien paid the tab for both his and claimant's drinks. When they left the restaurant, claimant got in her car and drove away. On her way home, she drove the wrong direction onto a freeway, and she collided head-on with another vehicle. Claimant sustained severe injuries, including quadriplegia.

Claimant's blood-alcohol level was .24 percent when she was admitted to the hospital.

Claimant filed a claim for workers' compensation benefits. Employer denied the claim, and claimant requested a hearing. An administrative law judge (ALJ) upheld the denial. Claimant appealed to the board, which affirmed the ALJ's decision. The board applied the unitary work-connection test prescribed by ORS 656.005(7)(a), under which an injury may be compensable only if it both "aris[es] out of" and occurs "in the course of" employment. The board ruled that claimant had not established either prong of the test. It concluded that, because claimant's injuries occurred off employer's premises, hours after she had completed her work duties and while driving her vehicle home, the "going and coming" rule applied, and, consequently, the injuries did not occur in the course of claimant's employment. The board also concluded that the injuries did not result from the nature of claimant's work or from some risk to which her work environment exposed her, so the injuries did not arise out of her employment. Claimant now seeks judicial review of the board's order.

The Supreme Court explained the two prongs of the work-connection test for compensability in *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596-97, 943 P2d 197 (1997):

> "For an injury to be compensable under the workers' compensation law, it must 'aris[e] out of' and occur 'in the course of employment.' ORS 656.005(7)(a). The 'arise out of' prong of the compensability test requires that a causal link exist between the worker's injury and his or her employment. The requirement that the injury occur 'in the course of' the employment concerns the time, place, and circumstances of the injury.

> "This court views the two prongs as two parts of a single 'work-connection' inquiry, that is, whether the relationship between the injury and the employment is sufficient that the injury should be compensable. *See* ORS 656.012(1)(c) (Legislative Assembly finds that 'those injuries that bear a sufficient relationship to employment * * * merit incorporation of their costs into the stream of commerce'). Both prongs of the work-connection test must be satisfied to some degree; neither is dispositive. The work-connection

test may be satisfied if the factors supporting one prong of the statutory test are minimal while the factors supporting the other prong are many. Both prongs serve as analytical tools for determining whether, in the light of the policy for which that determination is to be made, the causal connection between the injury and the employment is sufficient to warrant compensation."

(Footnotes and some citations omitted; brackets and ellipsis in *Hayes*.)

On judicial review, claimant argues that the board erred in its analysis of both prongs of the work-connection test. Because we agree with the board's conclusion that claimant's injuries did not arise out of her employment, we begin and end with that prong of the analysis.

The board determined that, given the circumstances that led up to the accident in which claimant was injured, her injuries did not arise out of her employment:

"Here, we find that the risk of injury resulted from an MVA [motor vehicle accident] that occurred while driving home approximately four hours after she finished her work shift. That MVA did not result 'from the nature of * * * her work' as an office manager or 'originate[ ] from some risk to which the work environment expose[d] her.' Regardless of the reason(s) that claimant went to the restaurant with her boss and coworkers after work, she was not exposed to the risk of the MVA, which occurred some four hours later and while driving home, by virtue of her employment. Rather, that risk arose out of factors unrelated to her work as an office manager."

(Citation omitted; brackets and ellipsis in board's order.) Moreover, the board determined that, because O'Brien had not pressured or encouraged claimant to drink alcohol, becoming intoxicated was not itself a risk that resulted from the nature of her work as an office manager or a risk to which her work environment exposed her. Accordingly, the board concluded, "claimant has not established that her injury 'arose out of' employment."

In challenging that conclusion, claimant contends that, by considering whether she was pressured or encouraged to drink, the board applied the wrong standard for determining

whether her injuries arose out of her employment. She argues that, when an injury resulted from a social activity, ORS 656.005(7)(b)(B) furnishes the proper standard for determining the causal connection between the injury and employment. That statute provides that a compensable injury does not include an "[i]njury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure[.]" Claimant contends that the correct inquiry concerns not the nature of the activity, but the worker's subjective motivation for participating in it. According to claimant, if the worker is motivated primarily by work-related reasons, the activity is work related.[1]

We disagree with claimant's contention that the board applied the wrong standard. ORS 656.005(7) defines "compensable injury."[2] "Paragraph (7)(a) is the primary definition of compensability. Paragraph (7)(b) states grounds

---

[1] Claimant also argues that the board's finding that she was not pressured or encouraged to drink alcohol reveals an implicit conclusion that she was negligent in consuming more alcohol than she should have. Based on that understanding, claimant contends that the board erroneously injected the issue of negligence into the case. *See Columbia River Dairy v. Sepulveda,* 209 Or App 227, 231, 147 P3d 369 (2006) ("A worker's fault in causing an accidental injury has no place in the Oregon workers' compensation scheme and is irrelevant in determining a worker's entitlement to compensation.").

We disagree with claimant's characterization of the board's view of the issues as including negligence. The board considered whether claimant had been pressured or encouraged to drink alcohol in order to determine whether there was a causal connection between her employment and her intoxication—in other words, to determine whether her intoxication "arose out of" her employment. Had the board found that O'Brien, whom it characterized as claimant's "boss," had pressured claimant to drink alcohol, it might have determined that becoming intoxicated was a risk that resulted from the nature of her work and, consequently, that her injuries arose out of her employment. The board's contrary findings do not imply that it determined either that claimant's negligence caused her injuries or that any such negligence would influence its compensability analysis.

[2] ORS 656.005(7)(a) and (b), which both define and limit "compensable injury," provide, in full:

"(a) A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A) No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

for exclusion that are *additional* to those that are inherent in the primary definition found in paragraph (7)(a)." *Andrews v. Tektronix, Inc.*, 323 Or 154, 161 n 1, 915 P2d 972 (1996) (emphasis in original). The inquiries under the two paragraphs are separate: If an injury was not incurred under circumstances that render it noncompensable under ORS 656.005(7)(b), "it must still pass the 'arise out of and in the course of employment' test" under paragraph (7)(a). *Liberty Northwest Ins. Corp. v. Nichols*, 186 Or App 664, 667, 64 P3d 1152 (2003) (citing *Andrews*, 323 Or at 160-61 n 1). In other words, even if claimant's injuries would not be excluded from compensability under subparagraph (7)(b)(B) because her primary motive to attend the after-work event was work-related, it does not follow that her intoxication and the injuries that resulted from it arose out of her employment for purposes of paragraph (7)(a). We reject claimant's contrary view.[3]

"[A] worker's injury is deemed to 'arise out of' employment if the risk of the injury results from the nature

---

"(B) If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition.

"(b) 'Compensable injury' does not include:

"(A) Injury to any active participant in assaults or combats which are not connected to the job assignment and which amount to a deviation from customary duties;

"(B) Injury incurred while engaging in or performing, or as the result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure; or

"(C) Injury the major contributing cause of which is demonstrated to be by a preponderance of the evidence the injured worker's consumption of alcoholic beverages or the unlawful consumption of any controlled substance, unless the employer permitted, encouraged or had actual knowledge of such consumption."

[3] Claimant raises essentially the same argument under ORS 656.005(7)(b)(C), which provides that injuries are not compensable if the major contributing cause of the injury is the worker's consumption of alcohol, "unless the employer permitted, encouraged or had actual knowledge of such consumption." Claimant contends that, when an injury resulted from alcohol intoxication, the injury arose out of employment if the employer permitted, encouraged, or knew about the worker's consumption of alcohol. We reject that argument for the same reason we reject her argument under ORS 656.005(7)(b)(B). Neither statutory provision supplants the "arise out of" causation standard in ORS 656.005(7)(a).

of his or her work or when it originates from some risk to which the work environment exposes the worker." *Hayes*, 325 Or at 601. That is the standard by which the board was required to (and did) determine whether claimant's injuries arose out of her employment. Claimant does not develop any argument that the board applied *that* standard incorrectly or that substantial evidence does not support the board's findings. Accordingly, we affirm the board's determination that claimant's injuries did not arise out of her employment and, consequently, that her injuries are not compensable.

Affirmed.